PEOPLE ex rel. NEW YORK UNIVERSITY v. WELLS et al., Tax Com'rs.

(Supreme Court, Appellate Division, First Department. May 6, 1904.)

1. STATUTES—IMPLIED REPEALS—EXEMPTION FROM TAXATION.

    1 Rev. St. (1st Ed.) p. 388, pt. 1, c. 13, tit. 1, § 4, as amended by Laws 1883, p. 571, c. 397, exempted the property of institutions of learning from taxation, so far as such property was in actual use for educational purposes. Laws 1893, p. 84, c. 54, § 8, amending a university charter, exempted its property from taxation so long as the entire university instruction in the law school and the school of pedagogy and the administration office should be continued there. Tax Law, § 3 (Laws 1896, p. 797, c. 908), contained a general provision subjecting to taxation all real and personal property situated or owned within the state, unless exempt by law, and in section 4, subd. 7, p. 797, continued in force the provision of the Revised Statutes above mentioned. Between the years 1893 and 1896 the university moved most of its departments, and erected a 10-story building on the old site, in which it maintained its law and pedagogical departments and administration office, and rented the remainder of the building for purposes of revenue, so that such site was not exempt under the Revised Statutes or the tax law, but was under its charter. *Held*, that section 3 of the tax law could not be construed as an implied repeal of the charter exemption from taxation of the university property.

2. SAME—REPEAL OF SPECIAL LAWS.

    Laws special or local in their application are not deemed repealed by general legislation, except upon the clearest manifestation of an intent by the Legislature to effect such repeal.

3. SAME—REVISION—CONTINUANCE OF FORMER PROVISIONS.

    A revision of a statute by re-enactment of a previous statute operates as a continuance of the former, instead of as a repeal and new enactment.

Appeal from Special Term, New York County.

Certiorari by the people, on the relation of the New York University, against James L. Wells and others, commissioners of taxes and assessments of the city of New York. From an order superseding the writ of certiorari, relator appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

William S. Opdyke, for appellant.
David Rumsey, for respondents.

INGRAHAM, J. The relator presented to the Supreme Court a petition alleging that it is a corporation incorporated for educational and scientific purposes under a special act of the Legislature passed April 18, 1831 (Laws 1831, p. 207, c. 176), amended by chaper 54, p. 82,

¶ 2. See Statutes, vol. 44, Cent. Dig. § 235.

of the Laws of 1893; that since its incorporation it has been continuously engaged in the work of instructing students and of promoting literature and science in the city of New York; that, for the purpose of its educational work, between the years 1831 and 1835 it erected a collegiate or university building upon the lot of land then and ever since owned by it in fee, and situate on the east side of Wooster street, or University Place, opposite Washington Square, in the city of New York, and until April, 1894, occupied the said building exclusively for its educational purposes; that in the year 1894 the relator removed its collegiate department from the said building to a building erected on a site acquired by it upon University Heights, in the city of New York, and erected a new 10-story building upon the lot of land on Washington Square, covering the entire property, the upper portions of which building it has ever since and continuously and exclusively used for its University Law School, the School of Pedagogy, and the administration office of its university; that the remaining portion of the said building has been rented by the relator to others for business purposes; that all the rentals derived from the said property, in excess of the annual interest upon a mortgage loan secured to defray the cost of the building, have been applied by the relator for its educational purposes. The amendment of the charter of the relator by section 8 of chapter 54, p. 84, of the Laws of 1893 provides that:

"All the real and personal estate, and all interest in any real or personal property or estate of every name and nature whatsoever, and wheresoever the same may be, which is now vested in the University of the City of New York, as now constituted and organized, is hereby confirmed to and vested forever in the University of the City of New York for the sole use and benefit of said university. * * * Such real estate as is now and has been for over fifty years last past, occupied by the said university as a site, shall remain exempt from taxation so long as the entire university instruction in the law school, the entire instruction in the school of pedagogy and the administration office of the university shall be continued there."

After the passage of this act, and in pursuance of its provisions, the relator erected the building now on its Washington Square property, and until the year 1903 no tax was imposed thereon; but on the 12th of January, 1903, the respondents, as commissioners of taxes and assessments, assessed the real property of the relator upon Washington Square for taxation at the sum of $825,000, and thereafter imposed a tax upon the said property based upon such valuation. The petition further alleged that as this property was, by the express provisions of section 14 of the charter of the relator, exempt from taxation, this action of the commissioners of taxes and assessments was wholly without jurisdiction and illegal, and therefore asked to have the said tax canceled. Upon this petition a writ of certiorari was issued, whereupon the respondents moved to supersede the writ upon the ground that the petition for the writ does not state facts sufficient to show that the assessment to review which the writ was obtained was illegal. The Special Term granted this application, and from the order entered therein the relator appeals.

The sole question presented upon this appeal is whether the exemption from taxation provided for by the amendment of the charter

of the relator by section 8 of chapter 54, p. 84, of the Laws of 1893, was repealed by implication by the tax law (chapter 908, p. 795, of the Laws of 1896). No provision of the tax law which expresses any intention to repeal this statute is cited. No clause of the tax law is inconsistent with the exemption allowed to the relator by this statute. In section 3, p. 797, of the tax law, is contained the general provision whereby all real property within the state and all personal property situated or owned within the state are taxable, unless exempt from taxation by law, not by the provisions of the tax law, but by a valid law of the state when the tax law was passed. The relator had been for 60 years and upwards an educational institution in the city of New York. It had been encouraged by the state to perform important educational duties, by exemption of its property devoted to that purpose from taxation. When it enlarged its sphere of usefulness by the construction of a new collegiate building in a portion of the city of New York better adapted for the purpose, it proposed to retain the property upon which its old buildings had been erected, and to erect upon that property a new building, a portion of which was to be applied for the use of certain schools connected with the university, and the remainder of the new building to be rented, by which an income could be received for the support and maintenance of its work of education. Upon such a change in its method being proposed, the Legislature amended its charter by making the property thus employed free from taxation; and, based upon such exemption, the relator carried out its plan, and erected the new buildings both upon its new site and upon the site before used. It maintained its schools of law and pedagogy in the building upon the old site, and rented the remaining portion of the building to provide funds for the maintenance of its educational department.

There can be no question but that the Legislature intended by this act to allow the relator to realize from the rent of its building upon the old site an income, and this quite possibly had a serious influence in justifying the trustees of the university in incurrng the expenditure made necessary by its change; and, this legislation having induced or influenced the relator in making the change, it could hardly be anticipated that within three years thereafter, and almost before the new buildings were completed, the Legislature could have intended to repeal the provision which exempted this property which was solely used for educational purposes from taxation, and to impose upon it the tax which is laid upon property held for private use in the city of New York. However much we may suppose that it was intended to establish a uniform system of taxation throughout the state, it seems to me that if the Legislature had intended to thus abolish or repeal an exemption that had been allowed to a particular educational institution, based upon exceptional conditions, and which had been acted upon by the institution, some express language would have indicated such an intention, and this act, which had been passed but a short time before by the Legislature, would have been specified among those repealed by the act. There is no such indication, however, that I can find anywhere in the tax law. Was this property of the relator, then in its possession, and then used for its educational

purposes, exempt from taxation by law under the amendment of the
charter of 1893? The act of 1893 expressly says that this property
shall be exempt. It was, when the tax law of 1896 was passed,
owned by the relator, used by it as authorized by the amendment
of 1893, and exempt from taxation. Thus the relator's property was
exempt by law from taxation, and was not taxable under section 3
of the tax law.

It is claimed, however, by the learned counsel for the corporation,
which claim was sustained by the court below, that by the construc-
tion given to the tax law by the Court of Appeals in Matter of Hun-
tington's Estate, 168 N. Y. 399, 61 N. E. 643, it must be held that the
tax law repealed by implication this amendment of the charter of the
relator. That there is a clear distinction between the question before
the Court of Appeals in the Huntington Case and the question now pre-
sented is apparent. That case related to a tax imposed upon trans-
fers of property by will, which became effectual after the passage of
the act. The learned judge of the Court of Appeals who delivered
the prevailing opinion, stating the contention of the Comptroller,
which the court sustained, says:

"That contention is that the tax law was such a revision and substitute for
all former statutes, general and special, upon the subject of exemption from
taxation, as to supersede and repeal them by implication; thus repealing,
among others, the provisions of the special acts which exempted the property
of the Roosevelt Hospital and the Children's Aid Society, and taking from
these societies their special exemptions, and leaving them in the class enu-
merated in subdivision 7, § 4, of the tax law [Laws 1896, p. 797, c. 908]; and
thus section 243, added by the act of 1900 [Laws 1900, p. 917, c. 382], makes the
legacies to them taxable transfers."

The question thus before the court was whether an exemption in
the charter of the corporation which generally excepted their prop-
erty from taxation was, so far as it affected a transfer of property
by will, repealed by implication. The provision in the charter of the
two corporations was not an exemption of particular property from
taxation, but a provision by which the property of the corporations
was to be exempt from taxation, and the exemption from taxation of
the property of these particular corporations was covered by sub-
division 7 of section 4 of the tax law (Laws 1896, p. 797, c. 908), which
in terms exempted from taxation the property, real and personal, of
those corporations. So that, under the provisions of section 4 of the
tax law, all of the property of these corporations was exempt from
taxation. The effect of article 10 of the tax law, which applies to
taxable transfers, was then considered. By section 220, p. 868, of
that article, a tax was imposed upon the transfer of any property,
real or personal, to persons or corporations not exempt by law from
taxation; and section 243 of the act, which was added by chapter
382, p. 917, of the Laws of 1900, provides that "the exemptions enu-
merated in section 4 of the tax law, of which this article is a part,
shall not be construed as being applicable in any manner to the pro-
visions of article 10 hereof"; thus indicating an intention by the Legis-
lature to impose a tax on transfers to corporations whose property
was exempt from taxation under section 4 of the tax law. Thus by
section 4 of the tax law the provisions of the charter of these two

corporations before the court in the Huntington Case, which affected the liability of the property to taxation, were incorporated in the tax law, and the property of these corporations declared exempt from taxation. Before section 243 was added to the tax law by the act of 1900, a bequest or devise to a corporation whose property was thus exempt by law from taxation was not taxable; but by that section the Legislature clearly intended to impose in the future a tax upon devises or bequests to such corporations, and it was in that relation that the court held that, as the Legislature had evidently intended to include within its provisions the exemption from taxation of the property of all benevolent and charitable corporations, and had then provided that a transfer to a corporation which was thus exempt by the provisions of section 4 of the act should not be exempt from payment of a transfer tax under article 10 of the law, the tax was enforceable. But here we have a very different situation. The Legislature has exempted from taxation, not the general property of this corporation, but certain specific real property then owned by the corporation, a portion of which was to be used for its schools, and a portion to be rented, and the rents applied for the maintenance of the university; and, in view of this situation, the Legislature had expressly provided that the real property, when so used, should be exempt from taxation. There certainly is nothing in the tax law, as I read it, to indicate an intention of the Legislature to repeal this special law relating to this piece of property held under these special and peculiar conditions; and there is nothing in the prevailing opinion in the Huntington Case which, as I read it, applies to such a condition. Thus, Judge Landon, in summing up the general effect of the tax law, says:

"The general rule of the liability to taxation of all property within the state was preserved, and the exemptions classified in such comprehensive phrase as to make all prior private and special exemptions unnecessary, so far as the general act conferred the same exemptions as the special and private acts."

But this relates to a general exemption from taxation of the property of particular individuals or corporations, and not to an act which, because of special existing conditions, conferred upon a specific piece of property exemption from taxation. There is nothing in the tax law which affected this particular property held by the relator.

Subdivision 7 of section 4 of the act would exempt the real property of the relator so far as it was exclusively used for educational purposes, but it did not contain the same exemption as the amendment of the charter of the relator of 1893. The provisions of subdivision 7 of section 4 of the tax law, which exempted the property of a college, incorporated academy, or other seminary of learning from taxation, were adapted from the Revised Statutes (1 Rev. St. [1st Ed.] p. 388, pt. 1, c. 13, tit. 1, § 4, as amended by chapter 397, p. 571, of the Laws of 1883); and the exemption inserted in this section is substantially that contained in the provision of the Revised Statutes before the enactment of the tax law. This exempted from taxation only the property in actual use for a college, incorporated academy, or other seminary of learning. The amendment of the charter of the relator by the act of 1893 for special reasons exempted from

taxation this property of the relator; and certainly it cannot be said that the Legislature, by simply re-enacting the provision of law that was in force when the statute of 1893 was passed, intended to repeal the act of 1893. I do not understand that the Court of Appeals has by the Huntington Case intended to abrogate the rule that laws special and local in their application are not deemed repealed by general legislation, except upon the clearest manifestation of an intent by the Legislature to effect such repeal (People ex rel. Leet v. Keller, 157 N. Y. 90, 51 N. E. 431; People v. Quigg, 59 N. Y. 83; Devlin v. Deven, 69 N. Y. 211; Buffalo Cemetery Ass'n v. City of Buffalo, 118 N. Y. 61, 22 N. E. 962), or that the effect of the revision of the statutes by a 're-enactment of previous statutes would operate as a continuance of the former statute, instead of a repeal and new enactment (Ingersoll v. Nassau Electric R. R. Co., 157 N. Y. 453, 52 N. E. 545, 43 L. R. A. 236).

My conclusion, therefore, is that the amendment of the charter of the relator by the act of 1893 was not repealed by the tax law, and that this specific property of the relator was exempt from taxation.

It follows that the order appealed from must be reversed, with $10 costs and disbursements, and the motion to supersede the writ of certiorari denied, with $10 costs. All concur.