(99 App. Div. 525)

### PRATT INSTITUTE v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. December 15, 1904.)

1. TAXATION—GENERAL TAX LAW—REPEAL OF EXEMPTIONS.
        General Tax Law (Laws 1896, p. 797, c. 908) § 4, subd. 7, supersedes and repeals by implication all statutes exempting from taxation.

2. CONSTITUTION—RESTRICTION ON FEDERAL POWER.
        The fifth amendment to the federal Constitution, providing that no person shall be deprived of life, liberty, or property without due process of law, is merely restrictive on the federal powers.

3. SAME—EXEMPTIONS—REPEAL.
        Const. 1846, art. 8, § 1, provides that corporations may be formed by special acts, and that all acts passed under such section may be repealed. The charter of the Pratt Institute (Laws 1887, p. 498, c. 398) provides (section 10) that it shall possess all the powers and privileges, and be subject to the liabilities, of a corporation, conferred by Rev. St. (1st Ed.) pt. 1, c. 18, tit. 3.; and section 8 provides that the charter of every corporation shall be subject to alteration, suspension, or repeal in the discretion of the Legislature. *Held*, that Laws 1896, p. 797, c. 908, repealing special exemptions granted the Pratt Institute in its charter, is not invalid, owing to the reserved power in the Legislature which existed when the charter was given.

4. SAME—TAXATION—EXEMPTIONS—CONSTRUCTION OF STATUTE.
> General Tax Law (Laws 1896, p. 797, c. 908) § 4, subd. 7, exempting
> from taxation the real estate of a corporation organized for charitable
> and educational purposes, etc., and used exclusively for carrying out
> thereupon one or more of such purposes, does not exempt from taxation
> real estate owned by such corporation, but leased out to individuals,
> though the profits are used for the purposes of the corporation.

Appeal from Special Term.

Action by the Pratt Institute against the city of New York. From a judgment sustaining a demurrer to the complaint and dismissing the same, plaintiff appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

John G. Milburn and Edmund L. Baylies, for appellant.
George S. Coleman and E. Crosby Kindleberger, for respondent.

JENKS, J. The action is to cancel and set aside taxes on certain real estate of the plaintiff in the borough of Brooklyn, consisting of five lots with houses thereon, given by Mr. Charles Pratt to the plaintiff after its incorporation. The realty is not connected with the property of the plaintiff directly devoted to its educational and charitable work, but is leased, and its rents are used in the said work. The plaintiff asserts exemption per force of section 10 of its charter (chapter 398, p. 498, Laws 1887), which reads:

"For the uses and purposes aforesaid, the said corporation is authorized to take by grant, devise, bequest, gift or otherwise, and to hold, lease, sell and convey any real and personal property and to erect all necessary and suitable buildings, and any property in the city of Brooklyn actually occupied and used for the purposes aforesaid, or the revenues of which are exclusively devoted to the purpose aforesaid, shall not be subject to local taxation; but this exemption shall not apply to any property in excess of the value of three million of dollars."

The plaintiff alleges that on the second Monday of January, 1902, the value of its property did not exceed $3,000,000, and that the taxes laid cloud its title. The defendant's demurrer that the complaint does not state facts sufficient to constitute a cause of action was sustained.

We think that Matter of Huntington, 168 N. Y. 399, 61 N. E. 643, is conclusive on the question of exemption. Although the question in that case arose upon a transfer tax, yet the court, in reaching its judgment, held that the tax law is such a revision and substitute for all former exemption statutes, general and special, as to supersede and repeal them by implication. See, too, People ex rel. Catholic Union v. Sayles, 32 App. Div. 203, 53 N. Y. Supp. 65, affirmed on opinion below, 157 N. Y. 679, 51 N. E. 1092. We think that the general rule thus expressed by the Court of Appeals must obtain, and that there is no warrant in this case following the First Department of this court in its judgment in People ex rel. New York University v. Wells, 94 App. Div. 271, 87 N. Y. Supp. 1107.

But it is contended that this construction of the tax law, applied to the charter of the plaintiff, is repugnant both to the fifth amendment of the Constitution of the United States, and to article 1, § 10, thereof. The fifth amendment has no application, inasmuch as it is exclusively

restrictive upon federal powers. Barron v. The Mayor, 7 Pet. 243, 8 L. Ed. 672; Fox v. The State of Ohio, 5 How. 410, 434, 12 L. Ed. 213; Spies v. Illinois, 123 U. S. 131, 8 Sup. Ct. 21, 22, 31 L. Ed. 80. The Constitutions of New York of 1846 and 1894 contain this provision:

"Corporations may be formed under general laws; but shall not be created by special, act, except for municipal purposes, and in cases where, in the judgment of the Legislature, the objects of the corporation cannot be obtained under general laws. All general laws and special acts passed pursuant to this section may be altered from time to time or repealed." Article 8, § 1.

The charter of the plaintiff, at section 2, provides:

"The said body corporate shall possess all the powers and privileges, and be subject to the liabilities of a corporation conferred by title three, chapter eighteen of part first of the Revised Statutes."

Said title 3, section 8, of the Revised Statutes (1st Ed.) pt. 1, c. 18, provides:

"The charter of every corporation, that shall hereafter be granted by the Legislature, shall be subject to alteration, suspension and repeal, in the discretion of the Legislature."

Cooley on Constitutional Limitations (7th Ed.) p. 396, note, says:

"Where the Legislature has reserved the right to amend, alter, or repeal any and all corporate charters, the withdrawal of an exemption from taxation does not impair the obligation of any contract. Louisville Water Co. v. Clark, 143 U. S. 1, 12 Sup. Ct. 346, 36 L. Ed. 55."

In Tomlinson v. Jessup, 15 Wall. 454, 457, 21 L. Ed. 204, the corporation had been exempted from taxation. The court say:

"It is true that the charter of the company, when accepted by the corporators, constituted a contract between them and the state, and that the amendment, when accepted, formed a part of the contract from that date, and was of the same obligatory nature. And it may be equally true, as stated by counsel, that the exemption from taxation added greatly to the value of the stock of the company, and induced the plaintiff to purchase the shares held by him. But these considerations cannot be allowed any weight in determining the validity of the subsequent taxation. The period reserved to the state by the law of 1841 [7 St. at Large, p. 162] authorized any change in the contract as it originally existed, or as subsequently modified, or its entire revocation. The original corporators, or subsequent stockholders, took their interests with knowledge of the existence of this power, and of the possibility of its exercise at any time in the discretion of the Legislature. The object of the reservation, and of similar reservations in other charters, is to prevent a grant of corporate rights and privileges in a form which will preclude legislative interference with their exercise if the public interests should at any time require such interference. It is a provision intended to preserve to the state control over its contract with the corporators, which, without that provision, would be irrepealable, and protected from any measures affecting its obligation. There is no subject over which it is of greater moment for the state to preserve its power than that of taxation. Immunity from taxation, constituting in these cases a part of the contract with the government, is, by the reservation of power such as is contained in the law of 1841, subject to be revoked equally with any other provision of the charter whenever the Legislature may deem it expedient for the public interests that the revocation shall be made. The reservation affects the entire relation between the state and the corporation, and places under legislative control all rights, privileges, and immunities derived by its charter directly from the state."

See, too, Welch v. Cook, 97 U. S. 541, 24 L. Ed. 1112; Citizens' Savings Bank v. Owensboro, 173 U. S. 636, 19 Sup. Ct. 530, 43 L. Ed. 840; Cooley on Taxation (3d Ed.) pp. 111–116.

In Citizens' Savings Bank v. Owensboro, supra, it is said:

"The elementary rule is that if at the time a corporation is chartered, and given either a commutation or exemption from taxation, there exists a general statute reserving the legislative power to repeal, alter, or amend, the exemption or commutation from taxation may be revoked without impairing the obligation of the contract, because the reserved power deprives the contract of its irrevocable character and submits it to legislative control. The foundation of this rule is that a general statute reserving the power to repeal, alter, or amend is by implication read into a subsequent charter, and prevents it from becoming irrevocable."

See, too, Mayor, etc., v. Twenty-Third St. R. Co., 113 N. Y. 311, 317, 21 N. E. 60; People ex rel. Cayadutta P. R. Co. v. Cummings, 166 N. Y. 110, 114, 59 N. E. 703.

In Asylum v. New Orleans, 105 U. S. 362, 26 L. Ed. 1128, cited by the learned and able counsel for the appellant, the court points out that there was no full and unqualified reservation that the Legislature might alter or amend the charter. Page 366, 105 U. S., 26 L. Ed. 1128. And furthermore, Bradley, J., says that the cases cited by the counsel for the city (Tucker v. Ferguson, 22 Wall. 527, 22 L. Ed. 805, and West Wisconsin Railway Co. v. Board of Supervisors, 93 U. S. 595, 23 L. Ed. 814) do not apply, in that the Constitutions of Michigan and Wisconsin reserved in their respective Legislatures the power to alter and to repeal. Stearns v. Minnesota, 179 U. S. 223, 21 Sup. Ct. 73, 45 L. Ed. 162, is well discriminated by the learned and able counsel for the city. In that case, Minnesota, holding railroad and swamp lands as a trustee under congressional grant, proposed to give them to a railroad company for its railroad, subject to a specified manner of taxation. The company accepted, and built the railroad. The taxation was a percentage of gross earnings in full of all taxation and assessment whatever. Years after, the state sought to lay a general tax, based on cash value, upon the property of the corporation not used for railway purposes, and to retain the said percentage tax. The court held that there was an impairment of contract, saying:

"So it may be that the reserved power of amendment carries with it the right to increase or diminish the rate per cent. of taxation. But a different question is presented when it is insisted that the power of amendment carries with it the right of continuing the rate per cent. as to part only, but not all of the property covered by the original contract; for, as stated, if the state can withdraw the lands not used for railroad purposes from the scope of this contract commutation, can it not to-morrow likewise withdraw the lands which are used for railroad purposes, including therein the right of way, the tracks thereon, all the grounds occupied by station houses, etc., and then, on the day thereafter, withdraw from it all the personal property of the companies, except their locomotives, and still hold the corporation to the burden of the contract? May it not be fairly contended that the privilege of amendment reserved was as to the rate, and not as to the property to be included within the commutation?"

So far as the point is made that, in many of the cases noticed by the learned counsel for the appellant, the deprivation was the result of express legislation, and not of the repeal by implication, it may be noted, contra, that the question of repeal by implication was up and

well considered both in Welch v. Cook, supra, and in Louisville Water Co. v. Clark, supra.

The plaintiff's practical criticism is that the state will receive all the benefits originally derived from the institution, and yet be relieved of its obligation of exemption. It is, of course, true that whatever benefits such an institution may confer upon certain inhabitants of the state —and doubtless they are many—will still be conferred so long as the institution continues; even if this exemption from local taxation be withdrawn. On the other hand, it may be said that the state has deemed it wise to place this and all similar institutions on equality in their immunity from taxation, and to this end has enacted subdivision 7, § 4, of the tax law (Laws 1896, p. 797, c. 908). Equality in immunity would seem to be as sound a policy as equality in impost, and the formulation of a general rule which assures that equality is wiser than unequal and specific exemptions. However, it is not for the courts to pass upon legislative policies so long as the legislation does not offend the law. It does not in this case, because the reserved power to alter and to amend, which existed when the charter was given, and which is regarded as read into the charter, eliminates the element of an irrevocable contract. As a result, this particular property is no longer exempt, and the plaintiff's immunity from taxation is afforded only by the general law. This particular property is not exempt under that general law (subdivision 7, § 4, Tax Law [Laws 1896, p. 797, c. 908]), for, although the profits are applied to the purposes of the plaintiff, the property is not of the foundation of the institution, but is leased out to individuals, and presumably for totally foreign purposes. People ex rel. Young Men's Ass'n v. Sayles, 32 App. Div. 197, 53 N. Y. Supp. 67, affirmed on opinion below, 157 N. Y. 677, 51 N. E. 1092.

The judgment should be affirmed, with costs. All concur.

---

(99 App. Div. 568.)

### WEISEL v. OLD DOMINION S. S. CO.

(Supreme Court, Appellate Division, Second Department. December 15, 1904.)

1. MUNICIPAL COURT—JURISDICTION—ACTION ON JUDGMENT.

Code Civ. Proc. § 1391, as amended by Laws 1903, p. 1071, c. 461, provides that, where execution shall have been returned unsatisfied on a judgment recovered for necessaries, etc., the court, on proper showing, must order an execution against the wages, earnings, etc., of the judgment debtor, and that if, on presentation of such execution, the person from whom such wages, etc., are owing, shall fail to pay the same, he shall be liable to an action by the judgment creditor. Municipal Court Act (Laws 1902, p. 1488, c. 580) § 1, subd. 6, provides that the Municipal Court shall have jurisdiction of an action on a judgment rendered in any court not being a court of record, and section 10, subd. 1, gives the Municipal Court jurisdiction of an action to foreclose a lien on a chattel for a sum of money. *Held*, that the Municipal Court has no jurisdiction of an action under Code Civ. Proc. § 1391, as amended, where the judgment against the original debtor was rendered in the Supreme Court.

Appeal from Municipal Court.