In the Matter of the Judicial Settlement of the Account of Proceedings of THOMAS J. DURKIN, as Committee of the Person and Estate of JAMES A. DURKIN, an Incompetent Person, Appellant. LOUIS BAUM, Respondent.— Order affirmed, with ten dollars costs and disbursements. The order requiring the committee to account was entirely right, since the committee should render a final account of his proceedings to the court by which he was appointed. (Code Civ. Proc. § 2344, as amd. by Laws of 1908, chap. 271.)* Jenks, P. J., Mills, Putnam and Kelly, JJ., concur; Blackmar, J.: I dissent. The petitioner is simply a general creditor of the estate, and has no standing to call the committee to account. The property and right are vested in the administrator.

RIXIE C. LATOUR, Appellant, v. NASSAU ELECTRIC RAILROAD COMPANY, Respondent.— Judgment unanimously affirmed, with costs. No opinion. Present — Jenks, P. J., Mills, Putnam, Blackmar and Kelly, JJ.

JAMES MACARTHUR, Appellant, v. FREDERICK E. TEVES and SUSAN M. TEVES, Respondents.— Judgment unanimously affirmed, with costs. No opinion. Present — Jenks, P. J., Rich, Blackmar, Kelly and Jaycox, JJ.

GEORGE POVELLO, Appellant, v. THE NEW YORK CENTRAL RAILROAD COMPANY, Respondent.— Order of the County Court of Orange county reversed, with costs, and motion denied, with ten dollars costs. The case presented to the court did not comply with the rules for granting new trials upon newly-discovered evidence. Jenks, P. J., Rich, Blackmar, Kelly and Jaycox, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WALTER KAISER, Appellant.— Judgment of conviction of the Court of Special Sessions affirmed. No opinion. Jenks, P. J., Mills, Putnam, Blackmar and Kelly, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. REFORMED DUTCH CHURCH OF POUGHKEEPSIE, Owner, and Others, Respondents, v. JOHN P. HANNIGAN and Others, Being the Board of Review of Assessments of the City of Poughkeepsie, Appellants.— Order reversed, with ten dollars costs and disbursements, and assessment confirmed, for the reason that the relators' property, although owned by a religious corporation, was not used for religious purposes, nor was such use contemplated by the relator. (Pratt Institute v. City of New York, 99 App. Div. 525; affd., 183 N. Y. 151; People ex rel. Young Men's Assn. v. Sayles, 32 App. Div. 197; affd., 157 N. Y. 677; People ex rel. Missionary Sisters v. Reilly, 85 App. Div. 71; affd., 178 N. Y. 609.) Jenks, P. J., Mills, Putnam, Blackmar and Kelly, JJ., concur.

* See, also, Laws of 1915, chap. 632.— [REP.