■ In the Matter of BLANCA FIGUEROA, as Conservator of JOSE M. FIGUEROA, as Conservatee, et al., Appellants. SARA F. COMACHO, Respondent.—Order of the Supreme Court, New York County (Arthur R. Blyn, J.), dated October 27, 1986, which denied appellant Blanca Figueroa's application for an order settling her final account, fixing her fees and commissions and discharging her and the surety, and instead held the application in abeyance pending a determination by the Puerto Rico Superior Court of objections to the appellant conservator's final account, is unanimously reversed, on the

law and facts, and the matter remanded to the Supreme Court for a final accounting, with costs and disbursements payable by respondent.

Appellant Blanca Figueroa was appointed conservator of her husband, Jose Figueroa, by the Supreme Court, New York County. A surety bond was provided by appellant Fidelity & Deposit Company of Maryland to ensure her faithful execution of duties.

The Figueroas moved to Puerto Rico and then separated. The appellant wife went into hiding, claiming that her husband physically abused her. Because of the change in residence, and appellant wife's desire to sell property in Puerto Rico owned by the conservatee, the Supreme Court, on April 15, 1985, directed appellant to apply for appointment as conservator in Puerto Rico and, after such qualification, to settle her final account in New York and have the assets transferred to a bank in Puerto Rico named by the court there.

However, on June 17, 1985, the Puerto Rican court granted a petition by the conservatee's mother to remove the appellant wife as guardian and to appoint the mother in her stead. The Puerto Rico Superior Court, *inter alia,* directed the wife to proceed with the settlement of her final account in New York. A year later, appellant wife moved for this relief. However, the IAS court ordered objections to the accounting to be filed with the Superior Court of Puerto Rico, where their validity was to be determined in accordance with New York law.

While it may be less expensive to the conservatee's estate to have all issues determined by the Puerto Rican courts, a conservator should render a final account to the court by which he or she was appointed (*Matter of Durkin,* 191 App Div 919, *appeal dismissed* 229 NY 614).

Thus, pursuant to section 77.33 of the Mental Hygiene Law, only the court appointing the conservator may remove her. Likewise, a conservator has all the powers and duties of a committee of the property (Mental Hygiene Law § 77.19) and pursuant to section 78.15 (a): "A committee, either of the person or property, is subject to the direction and control of the court *by which he was appointed* with respect to the execution of his duties" (emphasis added). Also, section 77.31 (a) provides that a conservator may move "in the court of his appointment" to render an intermediate judicial account, and subdivisions (b) and (c) of section 77.31 provide that, in the

case of a conservator who, *inter alia,* is removed or is allowed to resign, "the court shall order a final accounting".

The Puerto Rico Superior Court's decision in June 1985 recognized the appropriateness of conducting the proceeding in New York, in its direction to appellant to settle her final account in New York. Finally, the funds apparently remain in this jurisdiction, as does appellant surety. Concur—Sullivan, J. P., Ross, Asch and Wallach, JJ.