■ In the Matter of BLANCA FIGUEROA, as Conservator of the Property of JOSE M. FIGUEROA, as Conservatee, Appellant. [617 NYS2d 762] —Order, Supreme Court, New York County (Kristin Booth Glen, J.), entered on or about June 11, 1993, which, *inter alia,* disallowed the claims of Blanca Figueroa, Gustavo Rodriguez and the firm of Lichtenberg & Roseman, unanimously modified on the law and the facts and in the exercise of discretion, to reverse so much of the order as disallowed the above-stated claims, the matter is remanded for further proceedings consistent herewith and the order is otherwise affirmed, without costs.

Appellant, Blanca Figueroa, was appointed conservator of her husband by order of Supreme Court, New York County dated March 4, 1982. Thereafter, the Figueroas moved to Puerto Rico and then separated. By order to show cause dated June 24, 1986, the conservator-appellant moved to settle a final account for the period from March 4, 1982 through April 30, 1986. By order of Supreme Court, New York County (Arthur R. Blyn, J.), dated October 27, 1986, the conservator's

motion was denied and, *inter alia,* the matter was held in abeyance pending a determination by Puerto Rico Superior Court of objections to the conservator's final account. By order of this Court entered December 17, 1987 the October 27, 1986 order was reversed and the matter was remanded to Supreme Court, New York County for a final accounting *(see, Matter of Figueroa [Comacho],* 135 AD2d 459).

By order to show cause dated February 26, 1989, the conservator-appellant sought, *inter alia,* to settle a final account through October, 1988. By a report dated September 25, 1991, the Guardian Ad Litem for the conservatee filed objections to specific claims and expenses set forth in the conservator-appellant's final account, and requested a conference. A conference was held on December 6, 1991 at which all of the necessary parties were present. It is not disputed that at this conference Justice Glen directed the conservator to file a final account of the finances of the entire conservatorship from its inception to date. In addition the conservator, who was also a claimant in her individual capacity, and those other parties who had claims against the estate were directed to provide the court and the objectants with documentation substantiating those claims.

According to the Guardian Ad Litem, a second conference was requested and was necessitated by the fact that the conservator had done nothing to comply with the directions given at the December 6, 1991 conference. A final account had not been prepared and none of the requested documentation had been filed. The second conference before Justice Glen was held on May 4, 1993. A purported final account, which had not previously been filed with the court or served on any party, was produced by Stephen Roseman, a claimant and New York counsel for the conservator. It is clear from the transcript of the May 4, 1993 conference that Justice Glen did not view this purported account as accurate.

The conservatee is now competent, and for over five years has been seeking to obtain access to the funds which make up his estate. Under these circumstances the court's frustration with the failure of the claimants to present the required documentation is quite understandable. However, while the court may have made certain directions at the December 6, 1991 conference, no transcript or order was made containing those directions and no return date for the service and filing of the accounting and additional documentation was set down in any written form. Consequently, without passing on the merits of the disputed claims, we find that it was an improvi-

dent exercise of discretion to have disallowed the claims in their entirety, based upon the claimants' failure to comply with oral directions such as were made here, and without providing a formal opportunity to respond. We therefore remand the matter for further proceedings, and direct that the court promulgate its orders in the appropriate written form. Concur—Murphy, P. J., Ellerin, Ross, Nardelli and Williams, JJ.