No. 19,449.

THE KAPPA KAPPA GAMMA HOUSE ASSOCIATION, *Appellee,* v. C. E. PEARCY, as Treasurer of Douglas County, etc., et al., *Appellants.*

SYLLABUS BY THE COURT.

1. TAXATION—*Building Used by Students of State University as Literary Hall and Dormitory—Exempt from Taxation.* A building was erected upon grounds less than one-half acre in extent by the Kappa Kappa Gamma society, which was composed of young women who were students of the state university, from funds obtained by a mortgage on the property and in part from subscriptions by the members of the society and the donations of their friends. To accomplish it

a corporation was organized which acted as trustee for the society, in which the legal title of the property was placed and by which the mortgage securing the loan was executed. After the completion of the building it was exclusively used by the members of the society as a literary hall and dormitory and was never leased or otherwise used with a view of profit. *Held,* that as long as the property is so used it is exempt from taxation under the provisions of section 9218 of the General Statutes of 1909.

2. SAME—*Use Not Ownership—Test of Exemption.* As use, not ownership, is the test of the exemption it is not material that the legal title to the property was placed in the corporation and not in the society, nor can the society be deprived of the benefit of the exemption because some of the students may be unable to gain admission to the society.

Appeal from Douglas district court; CHARLES A. SMART, judge. Opinion filed July 7, 1914. Affirmed.

*J. S. Amick,* county attorney, for the appellants.

*W. B. Brownell,* of Lawrence, and *Edwin C. Meservey,* of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: Whether the building occupied and used by the Omega chapter of the Kappa Kappa Gamma sorority, a society composed of young women who are students of the University of Kansas, is subject to taxation is the question presented for determination. The title to the real estate stands in the name of the Kappa Kappa Gamma House Association, a corporation "organized not for profit, and . . . the purposes for which it is formed are: to acquire and manage property, both real and personal, for the furtherance of educational, social, benevolent and charitable purposes among such women of the University of Kansas as are now or may hereafter become members of the Omega Chapter of Kappa Kappa Gamma."

The ground on which the building was erected was purchased for $1650 and paid for from voluntary sub-

scriptions made by the young women who were members of the society and students of the university and by their friends and relatives. From the same source they raised the sum of $2000 which was used in the construction of the chapter house. The house cost approximately $17,500 and to complete it the society borrowed the sum of $15,500. Upon the completion of the building the young women of the society, students in the university, took possession of it and have occupied it ever since. The furniture placed in the building was purchased by voluntary subscription of the members and through donations from friends of the society and of the university. The building has been used exclusively as a literary hall and dormitory. It has been principally used as a dormitory, but from time to time the members of the society have held literary exercises in a large room set apart for that purpose. No lease was ever executed by the House Association nor has any rent ever been paid by the society for the use of the building as the corporation was only organized to act as trustee for the members of the society, that is, to hold the title to the real estate and to execute a mortgage thereon that would be accepted as security for the money advanced to complete the house. The mortgage debt was placed in notes of small amounts under the agreement and plan that the young women would obtain subscriptions and that these, together with initiation fees for admission into the society, should be devoted, as they were obtained, to the payment of the mortgage debt. The officers of the county listed the real estate for taxation and were proceeding to enforce the payment of the taxes assessed against it when this action of injunction was begun. Under the facts, which were agreed upon, the trial court held that the property was exempt from taxation and granted a permanent injunction against the assessment and taxation of the property.

These facts fairly bring the case within the statutory exemption. The statute provides that:

"All real estate not exceeding one-half acre in extent and the buildings thereon situate, and used exclusively by any college or university society as a literary hall or as a dormitory, if not leased or otherwise used with a view of profit, and all books, furniture, apparatus and instruments belonging to such society, shall be exempt from taxation." (Gen. Stat. 1909, § 9218.)

The validity of the statute is not challenged, and there can be no question as to the character of the society, the use to which the property is devoted, nor any contention that it falls within any of the constitutional or statutory restrictions on exemption. According to the agreed facts the building is exclusively used by a society of the university as a literary hall and as a dormitory and the purpose of the society is that such exclusive use shall continue for an indefinite period, and that it is not leased or otherwise used for profit.

It is contended that the property does not fall within the exemption because the title to the same is not in the society itself. It is true the legal title has been placed in a corporation as a matter of convenience, but the corporation is only acting as a trustee and is holding the property for the benefit of the members of the society who are the real owners, as well as the users, of the property. However, it is not essential to an exemption that the title to the property shall be in the society. Neither the statute nor the constitution in any way recognizes that the exemption depends upon title or ownership. Complete title in the society without the use mentioned would give it no right to an exemption, nor could the ownership be accepted as evidence of the exclusive use mentioned in the statute. In an early case it was determined that use, and not ownership, is the test of the exemption. (*Washburn College v. Comm'rs of Shawnee Co.,* 8 Kan. 344; see, also, *Vail v. Beach,* 10 Kan. 214.)

In Missouri, under a constitutional and statutory provision that lots in cities used exclusively for schools should be exempted from taxation, it was decided that:

"The ownership or title to the property is not the determining factor. For if the property is owned by a religious, charitable or school organization and is leased or rented for use for any other purpose than such as the Constitution contemplates, the land is not exempt. So, if the private owner of the land allows his land to be used for such purposes and charges no rent and derives no personal benefit from the land, the land is exempt from taxation, because the land is then devoted exclusively to such a use." (*State, ex rel., v. Macgurn,* 187 Mo. 238, 86 S. W. 138.)

In Kentucky there was a constitutional provision that places actually used for religious worship and the grounds appurtenant to the house of worship, not exceeding one-half acre in extent, should be exempt. A church organization leased property and was using it for religious worship, and in an attempt to subject the property to taxation it was ruled that:

"The constitution does not make the exemption depend upon the title. . . . It is the use of the property, and not the ownership, which determines the question of exemption. . . . To hold that the congregation must be the absolute owner of the property used exclusively for religious worship in order to create the exemption would be to inject words into the constitution, and to narrow the exemption which it expressly makes." (*City of Louisville v. Werne et al.,* 25 Ky. L. Rep. 2196, 80 S. W. 224, 225.)

It is said that its membership is limited and that not all young women who attend the university can gain admission to the society and receive the benefits of the exemption. The record does not disclose who are eligible to membership in the society nor the rules governing the selection of members. All the young women who are students of the university may not be able to gain admission to the Kappa Kappa Gamma society, but so far as the record shows other similar societies

may be organized without limit by the students so that all may have adequate dormitory facilities. When they do organize and acquire a building used exclusively for a literary hall or dormitory they too will be entitled to the benefit of the exemption. The fact that the chapter house is not open to the public or to any one who may apply for admission does not deprive the society of the statutory exemption. (*Masonic Home v. Sedgwick County,* 81 Kan. 859, 106 Pac. 1082.) It is enough that the membership of the society is made up from the class defined in the statute, that is, students at colleges or universities, where the building occupied by them is devoted solely and strictly to the prescribed uses.

It is true, as the defendants contend, that the statutory exemption should receive a strict construction and that those claiming the exemption should bring themselves clearly within the terms of the statute giving it. But giving the statute the narrowest and strictest interpretation of which its terms are reasonably capable the exemption is available to the society. It was the evident purpose of the legislature to encourage the construction and use of dormitories so as to provide homes for the nonresident students at colleges and universities. No reason is seen why this beneficent purpose of the legislature may not be effectually carried out.

The judgment of the district court will be affirmed.