*426 OPINION.
Lansdon:
The only question here is whether contributions made to local lodges or chapters of the Chi Psi fraternity are deductible from income under the provisions of section 23 (n) (2) or (5) of the Revenue Act of 1928.[1] The respondent has disallowed the deduc *427 tion claimed, in conformity with General Counsel’s Memorandum 5952, Cumulative Bulletin VIII-1, p. 172, in which it is held that:
A college fraternity having a fraternity house which is used as a meeting place and for entertainments, and at which many of its members live, is primarily a social organization and is not organized exclusively for scientific, literary, or educational purposes. Contributions to such an organization are not deductible in computing net income.
The determination of the respondent is presumptively correct. The memorandum upon which respondent relies, however, does not conclude the matter, since it is merely interpretative and therefore is without force and effect of law.
The excerpts from the charter of Chi Psi and the several local lodges here involved clearly set out the purposes of the organization and all come within the provisions of the statute upon which petitioner relies. The fact that students live and eat in the several chapter houses in no way weakens the claim of the petitioner. It has long been recognized that it is one of the functions of a university or college to furnish dormitories and food for students. Harvard University v. Cambridge Assessors, 175 Mass. 145; 55 N.E. 844; Yale University v. Town of New Haven, 71 Conn. 316; 42 Atl. 87; City of Chicago v. University of Chicago, 228 Ill. 605; 81 N.E. 1138.
The fact that the privileges of Chi Psi are limited to a selected group is not material, as was held in Kappa Kappa Gamma House Assn. v. Pearcy, 92 Kan. 1020; 142 Pac. 294, where the court said:
It is said that its membership is limited, and that not all young women who attend the university can gain admission to the society and receive the benefits of the exemption. The record does not disclose who are eligible to membership in the society nor the rules governing the selection of members. All the young women who are students of the university may not be able to gain admission to the Kappa Kappa Gamma society, but, so far as the record shows, other similar societies may be organized without limit by the students so that all may have adequate dormitory facilities. When they do organize and acquire a building used exclusively for a literary hall or dormitory, they, too, will be entitled to the benefit of the exemption. The fact that the chapter house is not open to the public or to any one who may apply for admission does not deprive the society of the statutory exemption. Masóme Some v. SecLgwich County, 81 Kan. 859, 106 Pac. 1082, 26 L.K.A. (N.S.) 702. It is enough that the membership of the society is made up from the class defined in the statute; that is, students at colleges or universities, where the building occupied by them is devoted solely and strictly to the prescribed uses.
The articles of incorporation of the several chapters of Chi Psi to which the donations in question were made and the decisions above cited are convincing that the organizations in question were effected exclusively for educational, literary and charitable objects, but the charter purposes of an organization may be ignored in its operation in such a way that exemption privileges are forfeited. Since the. *428 purposes of the lodges or chapters here involved are so clearly set out in their several charters and are within the prescriptions of the statute relied on by the petitioner, it follows that the donations in question are proper deductions from income unless the intendment of the law is transgressed by operative procedure. It is necessary, therefore, for the petitioner to carry the burden of proof one step further and prove that the lodges or chapters in question are operated exclusively for the purposes set out in their respective charters.
As to the second phase of the question the contention of the petitioner is supported by the presumption of regularity which is stated in 22 Corpus Juris at page 107, section 47, as follows:
Tile presumption arising from the ordinary conduct of business and affairs, applies to corporations as well as individuals. Accordingly, it will be presumed that corporate acts and proceedings are regular and that corporate business is lawfully conducted.
Originally the presumption of regularity applied only to official acts, but its scope has been greatly enlarged. In Bank of United States v. Dandridge, 12 Wheat. 64; 6 L.Ed. 558, Justice Story said:
By the general rules of evidence, presumptions are continually made in cases of private persons of acts even of the most solemn nature, when those acts are the natural result or necessary accompaniment of other circumstances. In aid of this salutary principle, the law itself, for the purpose of strengthening the infirmity of evidence, and upholding transactions intimately connected with the public peace, and the security of private property, indulges its own presumptions. It presumes that every man, in his private and official character, does his duty, until the contrary is proved; it will presume that all things are rightly done, unless the circumstances of the case overturn this presumption, according to the maxim, omnia presumuntur rite et solcmnitur esse aeta, donee prol>etur in contrarium.
The petitioner, however, does not rely solely on the presumption that its operations are in conformity with its charter purposes. He has adduced oral testimony to the effect that each of the local chapters of Chi Psi to which donations were made in the taxable years maintains constant supervision over the studies of its members, as a condition of initiation requires minimum scholastic marks higher than those imposed by the several colleges, provides library and study room facilities for its members, assists under classmen in maintaining their scholastic standing, holds meetings for literary and scientific purposes, and arranges for forum assemblies in which faculty members and successful and distinguished alumni members lecture on matters of interest and importance.
In our opinion the evidence adduced by the petitioner is ample to overcome the presumption of correctness that attaches to the determination of the respondent. Such testimony clearly shifts the burden of proof to the respondent, who has offered no evidence in rebuttal of the undisputed facts established by the documentary and *429 oral testimony adduced by the petitioner. In our opinion the determination of the respondent must be reversed.
In Francis Cooley Hall, 2 B.T.A. 931; Earl King, 9 B.T.A. 502; Henry Wilson, 16 B.T.A. 1280; and Alfred T. Davison, 21 B.T.A. 251, the Board considered claims for deductions on grounds substantially similar to those pleaded herein. In each of these proceedings the determination of the respondent was affirmed because the evidence was insufficient to overcome the presumption that the determination of the respondent was correct. In these circumstances none of such proceedings establishes any controlling rule applicable to donations to Greek letter fraternities. The question is purely of fact, which must he determined by the weight of evidence, which in the instant proceeding is heavily on the side of the petitioner.
Reviewed by the Board.

Decision will he entered for the petitioner.

 In the ease oí an individual, contributions or gifts made within the taxable year to or for the use of:
***«$*$,
(2) any corporation, * * * organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, * * * no part of the net earnings of which inures to the benefit of any private shareholder or individual;
* # * i!* * * *-
(5) a fraternal society, order, or association, operating under the lodge system, but only if such contributions or gifts are to be used exclusively for religious, charitable, scientific, literary, or educational purposes, * « *
to be an amount which in all the above cases combined does not exceed 15 per centum of the taxpayer’s net income as computed without the benefit of this subsection. * » *