## INHABITANTS OF ORONO *vs.* KAPPA SIGMA SOCIETY.

### Penobscot.    Opinion July 18, 1911.

*Taxation.    Exemptions.    College Fraternities.    Revised Statutes, chapter 9, section 6, paragraph II, section 8.*

The Psi Chapter of Kappa Sigma Fraternity, in 1907 and 1908, was in possession of a chapter house built on the college campus of the University of Maine, under a contract to purchase the same from the University, and taxes for those years were assessed against the property by the town of Orono in which the University of Maine is located.

*Held :*  1.  That the fraternity is neither a literary nor a scientific institution and therefore was not exempt from taxation under the provisions of Revised Statutes, chapter 9, section 6, paragraph II.

2.  That being in possession of the property on the first day of April in the years 1907 and 1908, the fraternity, under the provisions of Revised Statutes, chapter 9, section 6, was liable for the taxes assessed against the property for those years.

On report.   Judgment for plaintiffs.

Action of debt to recover taxes assessed against the defendant for the years 1907 and 1908.   Reported to the Law Court on an agreed statement of facts with the stipulation that if "the action is maintainable, judgment is to be entered for the plaintiffs for the sum of $167.92, without interest or costs;" otherwise plaintiff to be nonsuited.

The case is stated in the opinion.

*George E. Thompson*, for plaintiffs.

*Lawrence V. Jones*, for defendant.

SITTING:  EMERY, C. J., SPEAR, KING, BIRD, HALEY, JJ.

HALEY, J.   This is an action of debt, brought by the inhabitants of the town of Orono for taxes assessed for the years 1907 and 1908.   It is admitted that the assessment of the taxes and all the proceedings connected therewith are regular in form.   The defendant denies its liability, claiming that the property taxed is exempt from taxation by R. S., chap. 9, sec. 6, paragraph II, which exempts from taxation, "the real estate of all literary and scientific institutions occupied by them for their own purposes or by any officer thereof as a residence."   The building upon which the taxes were assessed was constructed by the Maine State College, now known as the University of Maine, and occupied by the defendant under the following agreement:

"At the request of the 'Psi Chapter of Kappa Sigma Fraternity,' the Trustees of the Maine State College agree to build a house for rent to the Corporation on the following conditions:—

1.    The house shall be built upon the College Campus.

2.    The corporation shall contribute $1000 to the College Treasury before taking possession of the house.

3.    The corporation shall make all repairs, pay for insurance, which shall be taken out by the College and keep the College free from all expenses of any kind in connection with the building.

4.    The rental shall be $1 and 6% interest on the cost of the house to the College diminished by the contributions of the Corporation.

5.   The rent shall be paid semi-annually on the first day of April and October.

6.   The house shall be held for the exclusive use of the Chapter.

7.   The Corporation may increase its contributions at any time, and whenever the additional contributions shall amount to $500 or more, on an interest day, the rent shall be reduced from that time, by the 6 % of the contributions.

8.   If the Chapter ceases to exist, the College shall, after two years hold itself as under no obligations to the Corporation ; but this article shall not take effect until 60 days after the College, by its President, shall have served notice of the intentions of the College, upon the Corporation in the person of its President, or if he cannot be found, upon one of the most recent graduates of the Chapter.

9.   If the Chapter fail to maintain the house in good condition to the satisfaction of the College, the College will make the needed repairs and charge the Chapter an annual rental of 10 % on the cost thereof.

10.   If the Corporation fail to pay its rent when due, the rent in arrears shall bear interest at 10 % per annum.

11.   If the Corporation be in arrears in rent or interest for three years, the College may require it to vacate the building but shall repay to the society such a part of its contributions as may be deemed fair by a board of three referees, one to be appointed by the College, one by the President of the Corporation of the Psi Chapter of the Kappa Sigma Fraternity, and the third by those two.

12.   The house shall be built by the College but the Chapter may appoint two advisory members who shall act with the College representative as a building committee.

13.   The house shall always be open to college inspection, and subject to college regulations."

Both the plaintiff and the defendant rely upon *Orono* v. *Sigma Alpha Epsilon Society*, 105 Maine, 214.   A comparison of that case with the case at bar is decisive of this case.   That case was an action of debt for taxes assessed upon a building as real estate on

the land of the University of Maine; this is an action of debt for taxes assessed upon a building as real estate on the land of the University of Maine.   In that case the defendant was a corporation, and the building was occupied by students attending the University of Maine; in this case the defendant is a corporation, and the building was occupied by students attending the University of Maine.   In that case no income or profit of any kind was divided among the stockholders; in this case no income or profit of any kind is divided among the stockholders.   In that case the defendant, under a parol license granted it by the trustees of the University, erected the building; in this action the University erected the building on its own land to rent to the defendant.   In that case and the case at bar the buildings were used for the same purposes. In that case no officer or professor of the University lived in the building or had any control or management of it other than the general supervision and control exercised over the general student body; in this case no officer or professor of the University lived in the building or had any control or management of it, other than the general supervision and control over the student body.   In that case the money to erect the building was procured by the defendant giving its promissory notes, guaranteed by the trustees of the University (under authority of an act of the legislature); in this case the building was erected by the University of Maine, with its own funds, and was turned over to the defendant upon the conditions set forth in the agreement.   In that case the defendant was occupying the building that it had erected with the aid of the University upon land of the University; in this case the defendant was occupying the building erected by the University with its own funds, upon land of the University.

Before the defendant took possession of the property it paid into the college treasury $1000 towards the cost of the building.   The defendant was to make all repairs, pay all insurance and keep the college free from all expense of any kind in connection with the building, and pay the college 6% interest on the cost of the building, less the $1000 contributed, as aforesaid, with the right of the defendant to increase its contributions at any time, and that when-

ever the additional contribution should amount to $500, or more, on any interest day the rent should be reduced from that time by the 6% of such contribution. The college was given the right, if the defendant neglected to keep the buildings in a condition satisfactory to the college, to make the needed repairs and charge an annual rental of 10% on the cost thereof, and if the defendant was in arrears for rent or interest for three years, the college might require it to vacate the building, and should repay to the defendant such part of its contributions as might be deemed fair by a board of three referees, selected as provided in the agreement. The defendant made the payment of $1000 and took possession of the property under the agreement. Whether any other contributions have been made or not does not appear in the case.

The proper construction of the agreement is that the University erected the building and allowed the defendant to occupy it under a contract of purchase; that, when the defendant paid to the University the cost of the building, with 6% interest upon the money invested by the University, the property should become the property of the defendant. The defendant was in possession under a contract of purchase, with such an interest in the property that it could not be taken from it until it was three years in arrears on the payment of the interest on the money that the University had invested, and, even then, the defendant's interest in the property had to be ascertained by a board of referees, and the amount of that interest paid it by the University.

The University of Maine is a literary or scientific institution and holds the legal title to the property, but it was not occupied by them for their own purposes, or by any officer thereof as a residence. It was rented by them, under a contract of purchase, to the defendant. It was occupied by the defendant for its own purposes, paying as rent therefor 6% on the money invested at any rent day by the University, paying the insurance and making the repairs, with a contract of purchase upon which it had paid at least $1000. The defendant's corporate powers are neither literary nor scientific. The legal title to the property was in the University of Maine; but, as said by the court in *Orono* v. *Sigma Alpha Epsilon Society*, 105

Maine, 217, "Not all the real estate of literary and scientific institutions is exempt from taxation. It is only such as is occupied by them for their own purposes, or by any officer thereof as a residence. The lot on which this building was erected was occupied neither by the University nor by any officer thereof, but by an independent corporation for its own purposes, and therefore it lost the privilege of exemption which might under other conditions attach to it."

The defendant is neither a literary nor a scientific institution. It was in possession of the property taxed on the first day of April in the years the taxes sued for were assessed, and under R. S., chap. 9, sec. 6, are liable for the taxes which are admitted to have been legally assessed, and, in accordance with the stipulation of the parties, the entry must be,

*Judgment for the plaintiff for $167.92,*
*without interest or costs.*