STATE, EX REL. DAGGY, *v.* ALLEN, AUDITOR, ET AL.

[No. 23,388.   Filed April 30, 1920.]

1.  TAXATION.—*Property of Greek Letter Fraternities.—Exemption.*
    —The property of a Greek letter fraternity which is subject to rules and regulations of a university, the dominant purpose of which is literary and educational, is exempt from taxation under §10150 Burns 1914, Acts 1905 p. 36, even though some of the members eat and sleep therein, the latter use not making it taxable as a lodging and boarding house.  p. 372.

2. TAXATION.—*Property of College Fraternities.—Exemption.—Statute.—Construction.*—The purpose of §10150 Burns 1914, Acts 1906 p. 36, was to exempt from taxation property of Greek letter fraternities used in connection with institutions of learning, and such statute does not contravene Art. 10, §1, of the Constitution, requiring uniform and equal taxation and a just valuation, exempting only property used for educational, literary, etc., purposes. p. 372.

3. MANDAMUS.—*Futility.*—Mandamus will not lie to compel a county auditor to put on the tax duplicate property which is not taxable, since such requirement would be futile and unavailing. p. 373.

4. TAXATION.—*"Fraternity."—Discrimination.*—Section 10150 Burns 1914, Acts 1905 p. 36, exempting from taxation the property of Greek letter fraternities connected with institutions of learning, does not contravene Art. 1, §23, of the Constitution, on the ground that it grants such fraternities privileges not enjoyed by sororities, since the word "fraternity," in its generic sense, includes organizations composed of either or both sexes. p. 373.

From Clay Circuit Court; *John M. Rawley,* Judge.

Mandamus by the State of Indiana, on the relation of Charles W. Daggy, against Joe M. Allen, auditor of Putnam county, and another. From a judgment for the defendants, the plaintiff appeals. *Affirmed.*

*C. C. Gillen,* for appellant.

*Jackson Boyd* and *Miller, Dailey & Thompson,* for appellees.

TOWNSEND, C. J.—This is an action in mandate brought by relator, a taxpayer of Putnam county, Indiana, against appellees, auditor of said county, and the DePauw Phi Kappa Psi Home, to require said auditor to place the property of said home on the tax duplicate for taxation. The trial court sustained a demurrer to the complaint, relator refused to plead further, and judgment was rendered against him for costs.

The sufficiency of the complaint is to be tested by §10150 Burns 1914, Acts 1905 p. 36, and Article 10, §1, of the state Constitution. Section of the statute is as follows: "That any part, parcel or tract of land not exceeding one (1) acre, and the improvements thereon, and all personal property owned by any Greek letter fraternity, which is connected with any college, university, or other institution of learning, and under the supervision thereof, and which is used exclusively by such Greek letter fraternity to carry out the purposes of such organizations, shall be exempt from taxation."

Article 10, §1, of the state Constitution requires that the general assembly "shall prescribe such regulations as shall secure a just valuation for taxation of all property * * * excepting such only for * * * educational, literary, * * * purposes, as may be specially exempted by law."

The complaint shows that the DePauw Phi Kappa Psi Home, an Indiana corporation, owns the real estate on which a two-story brick building is located, underneath which is a basement for coal and furnace; that the first floor of the building has parlors, library, dining room and kitchen; that the second floor has five bedrooms and bath; that the building is used exclusively by the Indiana Alpha chapter of the Phi Kappa Psi fraternity; that the members of this fraternity pay dues sufficient to cover the expenses of cooking and serving their meals; that some of them occupy the bedrooms on the second floor; that is to say, they board and lodge in this building.

The complaint also shows that they pursue in this building the course of study prescribed by DePauw University; that they are subject to the rules and reg-

ulations prescribed by the university; that they have a library and lounging room on the first floor of the building; that once each week the fraternity uses the parlors of the building for its business and secret affairs; that twice each month literary exercises are held in the building; that once each year they have a social function to which outside guests are invited.

The complaint shows that the property has not been put upon the tax duplicate for taxation during any of the years from 1904 to 1914. It also shows that the relator requested the auditor to place it upon the tax duplicate, and that he refused.

The complaint also alleges "that the dominant use of said premises during all of said time was a lodging and boarding house use." This allegation

1. in the pleading is but an assertion of the pleader which the other allegations clearly contradict. Because some members of this fraternity board and sleep in this building, and pay what it costs to run the building, does not make the dominant use boarding and lodging. Every human being must eat and sleep to live; but this does not make the dominant purposes of life eating and sleeping. The allegations in this complaint bring it squarely within the exemption contained in §10150 Burns 1914, *supra;* and, further, the allegations of the pleading clearly show that the dominant purposes for which this building is used are literary and educational.

It was the purpose of the legislature in enacting the above section of the statute concerning Greek letter fraternities to exempt from taxation all

2. property used by such fraternities in connection with colleges, universities and other institutions of learning, and this section of the statute does

not contravene Art. 10, §1, of the state Constitution.

Cases from other states are cited by relator, particularly Maine and Massachusetts. These cases have no application here, because they are decided under a different set of facts and under a different statute; nor does relator make us cognizant of the constitutional limitations in those states; nor do the opinions disclose what such limitations are.

A further subsidiary proposition is presented by relator, which is this: That mandate should lie against the auditor to put the property upon the tax duplicate, even though it may finally turn out that the property is not taxable. In this relator is in error. The auditor will not be required by mandate to do a futile and unavailing thing.

Relator also contends that the section of the statute, *supra,* contravenes Art. 1, §23, of the state Constitution, because it grants to Greek letter fraternities privileges not enjoyed by sororities. There is no merit in this contention. The word "fraternity," in its generic sense, includes organizations composed of either or both sexes.

Judgment of the trial court is affirmed.