In the Matter of the Application of SYRACUSE UNIVERSITY, Respondent, for an Order to Show Cause Why Certain Assessments upon the Property of Said University in Syracuse, N. Y. Made in 1924, by HERBERT W. WIGHT and Others, as the Board of Assessors of Said City, Appellants, Should Not Be Held Illegal, Unjust and Unreasonable, and Why Said Assessments Should Not Be Vacated and Set Aside, and the Assessment Roll Corrected Accordingly.

Fourth Department, November 11, 1925.

Taxation — exemption, under Tax Law, § 4, subd. 7, of real property belonging to Syracuse University — dormitories, hospital and infirmaries are exempt — university farm and official residence of chancellor are exempt — dormitory used in part for store rented to third person is exempt to extent of dormitory — vacant lots not exempt.

Property belonging to Syracuse University and consisting of certain student dormitories, a hospital and infirmaries, is exempt from taxation under subdivision 7 of section 4 of the Tax Law, since it does not appear that any profit is derived by the university from the money paid by students for residences, food or hospital care.

Likewise the university farm which is used for demonstration and instruction purposes and not for profit is exempt from taxation.

The official residence of the chancellor of the university, which is furnished him as a part of his salary, is clearly used for an educational purpose and is exempt from taxation.

That part of the dormitory hall which is used for residences of students is exempt from taxation, but that portion which is rented to third persons is not exempt and the assessment is allowed to stand at one-half the original assessment.

Certain vacant lots which were acquired by the university with the end in view of ultimately erecting thereupon additional dormitories are not exempt from taxation, since it does not appear that the construction of suitable buildings and improvements is in progress, or in good faith contemplated, as required by the statute.

APPEAL by Herbert W. Wight and others, constituting the board of assessors of the city of Syracuse, from an order of the Supreme Court, made at the Onondaga Special Term and entered in the office of the clerk of the county of Onondaga on the 28th day of April, 1925, confirming the report of a referee setting aside certain assessments upon real property of Syracuse University as illegal.

*Frank J. Cregg,* Corporation Counsel [*Henry E. Wilson* of counsel], for the appellants.

*Nottingham, Clymer, Smith & Kingsley* [*Jesse E. Kingsley* and *Edwin Nottingham* of counsel], for the respondent.

TAYLOR, J.:

Chapter 75 of the Laws of 1906, as amended by chapter 304 of the Laws of 1923, provides a summary and detailed method of determining the validity of assessments of property for taxation purposes in the city of Syracuse; and the remedy thus furnished is exclusive. (*N. Y. C. & H. R. R. R. Co.* v. *City of Yonkers,* 238 N. Y. 165.)

The assessment for 1924 of several properties belonging to Syracuse University was objected to by said university as illegal. These properties consisted of certain student dormitories, a hospital and infirmaries, a so-called dormitory store, a part of the university farm, the chancellor's residence and four vacant lots.

The Tax Law (§ 4, subd. 7) provides that " The real property of a corporation or association organized exclusively for the moral or mental improvement of men or women, or for * * * hospital, infirmary, educational, scientific, literary * * * purposes * * * or for two or more such purposes, and used exclusively for carrying out thereupon one or more of such purposes, and the personal property of any such corporation shall be exempt from taxation. But no such corporation or association shall be entitled to any such exemption if any officer, member or employee thereof shall receive or may be lawfully entitled to receive any pecuniary profit from the operations thereof, except reasonable compensation for services in effecting one or more of such purposes. * * * The real property of any such corporation or association entitled to such exemption held by it exclusively for one or more of such purposes and from which no rents, profits or income are derived, shall be so exempt, though not in actual use therefor by reason of the absence of suitable buildings or improvements thereon, if the construction of such buildings or improvements is in progress, or is in good faith contemplated by such corporation or association. * * * The real property of any such corporation not so used exclusively for carrying out thereupon one or more of such purposes but leased or otherwise used for other purposes, shall not be exempt, but if a portion only of any lot or building of any such corporation or association is used exclusively for carrying out thereupon one or more such purposes of any such corporation or association, then such lot or building shall be so exempt only to the extent of the value of the portion so used, and the remaining or other portion, to the extent of the value of such remaining or other portion, shall be subject to taxation." (Tax Law, § 4, subd. 7, as amd. by Laws of 1924, chap. 489.)

In a proceeding had pursuant to statute, the Supreme Court, at Special Term, after considering the report of a referee appointed to take proof, made an order determining that all said assessments

were illegal except those upon the four vacant lots and that upon a portion of a building rented for use as a store. This is the order on appeal.

Syracuse University, existing through a special legislative act, is a well-known institution of learning, with the objects, powers and authority usually appertaining to such institutions. It is composed of some dozen colleges and gives instruction annually to over 5,000 students. In addition to what may be termed its campus proper and its main buildings, it owns and operates a farm, a hospital, infirmaries, various shops and dormitories, a dormitory store and gymnasium, and an athletic field. It also owns property which is furnished to and occupied as a residence by the chancellor, the official head of the university, as part of his compensation. All the receipts of the university go into a common fund, from which all expenses are paid.

Concededly, there are no exceptions which prevent Syracuse University from coming within the purview of section 4, subdivision 7, of the Tax Law.

Statutes exempting property from taxation are to be strictly construed against those claiming the exemption. (*People ex rel. Mizpah Lodge* v. *Burke,* 228 N. Y. 245; *People ex rel. Haley* v. *Cahill,* 181 id. 403.) But they should not receive an interpretation so narrow and literal as to defeat or nullify the intention of the Legislature to encourage, foster and protect corporate institutions of a religious, literary or educational character. (*People ex rel. Seminary of Our Lady of Angels* v. *Barber,* 42 Hun, 27; affd., 106 N. Y. 669; *People ex rel. Missionary Sisters* v. *Reilly,* 85 App. Div. 71; affd., 178 N. Y. 609.)

Dormitories, dining halls, hospitals, training schools for nurses and stores for supplies, and athletic fields used by the students for athletic games and exercises and not as sources of institutional income, are essential parts of universities and colleges, for education contemplates not only the mental and moral but the physical training and welfare and the proper maintenance of those in attendance upon the institution. (*People ex rel. Trustees* v. *Mezger,* 98 App. Div. 237; affd., 181 N. Y. 511; *State* v. *Carleton College,* 154 Minn. 280; 191 N. W. 400; *People ex rel. Adelphi College* v. *Wells,* 97 App. Div. 312; affd., 180 N. Y. 534.)

It does not appear that any profit is derived by the university from amounts paid by students for residences, food or hospital care.

So, too, the university farm, used for demonstration and instruction purposes, is an appropriate part of the university equipment, and comes within the same general category hereinbefore mentioned.

The occupation by the chancellor of the official residence fur-

nished him by the university is clearly an educational purpose, and makes that property exempt from taxation under the statute. (*Matter of Mary Immaculate School*, 188 App. Div. 5, and cases cited.)

The Colonial Hall has been assessed for $22,500. This is a three-story brick building. The ground floor is rented and occupied as a store, from which the university derives an income. The upper two floors are occupied as a dormitory by nurses of the hospital which is operated by the university. By reason of the character of the occupancy of the ground floor, the Colonial Hall is not " used exclusively " for carrying out thereupon one or more of the educational purposes of the university, therefore, it is exempt only to the extent of the value of the portion used for carrying out thereupon such purposes. (Tax Law, § 4, subd. 7.) Upon the hearing the petitioner offered to allow the assessment to stand at one-half its amount. This apportionment was apparently acquiesced in by the respondents. Therefore, the assessment upon the Colonial Hall property should be reduced to $11,275.

The other assessments complained of are upon certain vacant lots. These lots have been acquired with the end in view of ultimately erecting thereupon additional dormitories. It cannot be said that the construction of suitable buildings and improvements " is in progress, or is in good faith contemplated " upon the vacant lots. Therefore, these lots should not be exempted. (*People ex rel. Reformed Dutch Church of Poughkeepsie* v. *Hannigan*, 191 App. Div. 919, and cases cited.)

The order appealed from should be affirmed.

HUBBS, P. J., CLARK, DAVIS and SEARS, JJ., concur.

Order affirmed, with costs.