Argued April 5, affirmed July 16, 1929.

KAPPA GAMMA RHO, a CORPORATION, *v.* MARION COUNTY ET AL.

(279 Pac. 555.)

For appellant there was a brief over the names of *Messrs. Cake & Cake, Mr. L. A. Liljeqvist, Messrs. Jaureguy & Tooze* and *Mr. William S. Levens,* with oral arguments by *Mr. Lamar Tooze* and *Mr. Nicholas Jaureguy.*

For respondent there was a brief and oral argument by *Mr. John H. Carson,* District Attorney.

COSHOW, C. J.—The Constitution of the state prescribes:

"The legislative assembly shall, and the people through the initiative may, provide by law uniform rules of assessment and taxation. All taxes shall be levied and collected under general laws operating uniformly throughout the state." Const. Or., Art. IX, § 1.

"All real property within this state, and all personal property situated or owned within this state, except such as may be specifically exempted by law, shall be subject to assessment and taxation in equal and ratable proportion." Or. L., § 4232.

"The right of a state government, through its legislature, when not restricted by constitutional provisions, to limit its power of taxation, is a doctrine too firmly established to admit of discussion. The legislature has power to exempt from taxation any person, corporation, or class of property according to its views of public policy or expediency, provided always that no constitutional provisions are violated." 2 Cooley on Taxation (4 ed.), p. 1378, § 659.

In this state the only constitutional limitation is that taxes should be levied and collected under general laws operating uniformly throughout the state. Assessment of property for taxation is the rule and exemption of property from taxation is the exception.

"An intention on the part of the legislature to grant an exemption from the taxing power of the state will never be implied from language which will admit of any other reasonable construction. Such

an intention must be expressed in clear and unmistakable terms, or must appear by necessary implication from the language used, for it is a well-settled principle that, when a special privilege or exemption is claimed under a statute, charter or act of incorporation, it is to be construed strictly against the property owner and in favor of the public. This principle applies with peculiar force to a claim of exemption from taxation.'' 2 Cooley on Taxation, pp. 1403, 1404, § 672.

*Corporation of the Sisters of Mercy* v. *Lane Co.*, 123 Or. 144 (261 Pac. 694); *Willamette University* v. *Knight*, 35 Or. 33 (56 Pac. 124); *Hibernian Benevolent Society* v. *Kelly*, 28 Or. 173 (42 Pac. 3, 52 Am. St. Rep. 769, 30 L. R. A. 167).

''When it is said that exemptions must be strictly construed in favor of the taxing power, this does not mean that if there is a possibility of a doubt it is to be at once resolved against the exemption. It simply means that if, after the application of all rules of interpretation for the purpose of ascertaining the intention of the legislature, a well founded doubt exists, then an ambiguity occurs which may be settled by the rule of strict construction. The rule of strict construction does not relieve the court of the duty of interpreting the exemption by the ordinary rules of construction in order to carry out the intention of the legislature and does not apply where there is no language in the act justifying or requiring construction.'' 2 Cooley on Taxation (4 ed.), pp. 1415, 1416, § 674.

The case presented is one of first impression in this court. Plaintiff has very ably argued for the exemption of its property, has very thoroughly analyzed the case and collected authorities claimed to support its contention. It is recognized by both plaintiff and defendants that authorities from other jurisdictions must be examined with great care because they are helpful only and to the degree that the statutes under

construction are similar to the statute of this state on the subject of exemption from taxation. Plaintiff has presented three cases wherein the property owned and occupied by Greek letter societies of institutions of learning have been held exempt. These cases are *State* v. *Allen*, 189 Ind. 369 (127 N. E. 145); *Kappa Kappa Gamma House Assn.* v. *Pearcy*, 92 Kan. 1070 (142 Pac. 294, 295, 52 L. R. A. (N. S.) 995); *Beta Theta Pi* v. *Board of Commrs.*, 108 Okl. 78 (234 Pac. 354). An examination of all of these cases clearly discloses that they are construing a law expressly exempting Greek letter societies of the same kind as plaintiff. In *State* v. *Allen*, above, the court's decision was based upon the Constitution of the State of Indiana, Article X, Section 1, reading as follows:

" 'That any part, parcel or tract of land not exceeding one (1) acre, and the improvements thereon, and all personal property, owned by any Greek letter fraternity, which is connected with any college, university, or other institution of learning, and under the supervision thereof, and which is used exclusively by such Greek letter fraternity to carry out the purposes of such organizations, shall be exempt from taxation.' "

In *Kappa Kappa Gamma House Assn.* v. *Pearcy*, above, the decision is based on a statute reading in part as follows:

" 'All real estate not exceeding one-half acre in extent and the buildings thereon situate, and used exclusively by any college or university society as a literary hall or as a dormitory, if not leased or otherwise used with a view of profit, and all books, furniture, apparatus and instruments belonging to such society, shall be exempt from taxation.' Gen. Stats. 1909, § 9218.

"The validity of the statute is not challenged, and there can be no question as to the character of the

society, the use to which the property is devoted nor any contention that it falls within any of the constitutional or statutory restrictions on exemption. According to the agreed facts, the building is exclusively used by a society of the university as a literary hall and as a dormitory, and the purpose of the society is that such exclusive use shall continue for an indefinite period, and that it is not leased or otherwise used for profit." *Kappa Kappa Gamma House Assn.* v. *Pearcy, supra.*

In the case of *Beta Theta Pi* v. *Board of Commrs.,* above, the court's decision is based upon a territorial statute reading as follows:

"Fifth. 'The grounds and buildings of library, scientific, educational, benevolent and religious institutions, colleges or societies, devoted solely to the appropriate objects of these institutions, not exceeding ten acres in extent, and not leased or otherwise used with a view to pecuniary profit.'

"Sixth. 'The books, papers, furniture, scientific or other apparatus pertaining to the above institution and used solely for the purpose above contemplated, and the like property of students in any such institutions used for the purpose of their education.' "

This territorial statute was continued in force by the Constitution of the State of Oklahoma. No case has been cited to us, nor have we been able to find any, exempting Greek letter societies' property from taxation where either the Constitution or the statute of the state does not expressly mention the property of such society.

Plaintiff very forcibly argues that plaintiff's society is to all intents and purposes in the same class as dormitories belonging to a college or university; that such dormitories are very generally, if not universally, exempt from taxation; that, therefore, plaintiff's property should be exempt from taxation: *Matter*

of *Syracuse University*, 124 Misc. Rep. 788 (209 N. Y.
Supp. 329); affirmed, 214 App. Div. 375 (212 N. Y.
Supp. 253); *State* v. *Carleton College,* 154 Minn. 280
(191 N. W. 400); *Yale University* v. *New Haven,* 71
Conn. 316 (42 Atl. 87, 43 L. R. A. 490); *Harvard
College* v. *Cambridge,* 175 Mass. 145 (55 N. E. 844, 48
L. R. A. 547); *Chicago* v. *University of Chicago,* 228
Ill. 605 (81 N. E. 1138, 10 Ann. Cas. 669). In all
the cases relied upon by plaintiff as showing that
dormitories are exempt from taxation the dormitories
are owned, managed and controlled by the college or
university or leased to a club of students without
charge. The case of *Yale University* v. *New Haven,*
above, is a very instructive case. The opinion goes
into the history of colleges and universities and most
satisfactorily expounds the reason for including dor-
mitories in property exempt from taxation. None of
the cases under this heading supports the contention
of plaintiff that a Greek letter society, such as plain-
tiff is, can lawfully claim its property to be exempt.

■ ■ It is very persuasively argued by plaintiff that
plaintiff is a benevolent, literary and scientific society.
We cannot adopt this view, as those terms are used
in the statute designating the property exempt from
taxation in this state: Or. L., § 4235. The object of
the plaintiff corporation, as stated in its articles,
is:

"To provide, establish and organize a place where
the students of the aforesaid fraternal body may con-
gregate, make their home, eat their meals and in a
general way use the property owned by them as a
home for the college year or any other time agreed
on in the by-laws of their organization."

There is nothing in this statement of the business,
object or pursuit of plaintiff that constitutes either

benevolence, charity, literature or science. The statement of the business of plaintiff indicates clearly that it is a corporation for the benefit and convenience of its own members. It has no legal connection with Willamette University. Its members are attending that institution. They are attending as students, not as philanthropic men of letters or scientists. Its articles of incorporation also clearly indicate that it expected to pay taxes on the property that it owned. This, together with other inferences, legitimately drawn from the complaint all warrant us in concluding that other similar fraternities in the state are paying taxes on the property owned and occupied by them. All of the cases, as well as the text-books, called to our attention and which we have been able to find involving a similar situation to the instant case denied a right of exemption from taxation. A very instructive case is *Phi Beta Epsilon* v. *Boston,* 182 Mass. 457 (65 N. E. 824). This case is especially instructive because the same court in *Harvard College* v. *Cambridge,* above, sustained the claim of that college for exemption from taxation of property used as a Commons on its campus. The statute of Massachusetts is very similar to the statute of Oregon. To the same effect is the case of *Orono* v. *Kappa Sigma,* 108 Me. 320 (80 Atl. 831); *Orono* v. *Sigma Alpha Epsilon,* 105 Me. 214 (74 Atl. 19, 21); *People* v. *Alpha Pi,* 326 Ill. 573 (158 N. E. 213, 54 A. L. R. 1376). Ordinarily a dwelling-house, even when belonging to a college or university, but rented to teachers and occupied by them for their own convenience, is not exempt from taxation. A college fraternity house in which the members of the society live and have their meals is not exempt if some literary and educational work is done therein: 26 R. C. L. 322,

par. 282. We do not doubt that Greek letter societies are valuable and helpful to their members. They are beneficial rather than benevolent.

"The chapter-houses of college fraternities being independent as regards their ownership, occupation, and control from the colleges at which they are located and used chiefly as homes or club houses for their members are not exempt from taxation." 37 Cyc. 938.

Such work as is done by plaintiff and its members is not ordinarily considered either benevolent, literary or scientific. The students there are pursuing the same studies as other students in the university. The purpose of the organization as expressed in its articles and as expressed by the able attorney who argued the case orally, indicates that it is organized and maintained for the convenience of its members and not as a benevolent society. The literary work is that of a student while attending college. The scientific phase of plaintiff's activities is that of a student while preparing himself for his life's vocation. Such pursuits are not generally classed as literary or scientific. Benevolent societies, as the term is used in the statute, are societies organized with the dominant purpose of doing good to others rather than for the convenience of their members. Literary societies are organizations for the propagation and spread of good literature rather than for one's own individual education. Scientific societies are usually and ordinarily understood to embrace organizations for the promotion of science or the pursuit of scientific studies for the purpose of developing science, rather than as a student in a college or university for his own edification.

■ Plaintiff was incorporated in 1922. We infer from the complaint and argument that taxes were assessed and collected from similar fraternities in this state then and theretofore. That fact is persuasive that the public policy of the state required such societies to pay taxes on the house occupied and owned by them. The court should not so construe the statute as to change that policy. If a change is to be made the legislature or the people through the initiative should make the change.

■ ■ Applying, as we must, a strict rule of construction to the statute exempting certain properties from taxation, we are constrained to hold that plaintiff is not entitled to have its property exempted from taxation. The decree is affirmed.

AFFIRMED.

BROWN, J., absent.