ALPHA RHO ALUMNI ASSOCIATION, PROSECUTOR, v. CITY
OF NEW BRUNSWICK ET AL., DEFENDANTS.

Argued May 9, 1940—Decided January 21, 1941.

Before Justices CASE, DONGES and HEHER.

For the prosecutor, *R. E. & A. D. Watson.*

For the defendants, *Paul W. Ewing* and *William D. Danberry.*

The opinion of the court was delivered by

DONGES, J. The writ in this case brings up a judgment of the State Board of Tax Appeals affirming an assessment by the City of New Brunswick, for taxes for the year 1938, on land, building and personal property of prosecutor. Prosecutor is a Greek letter society, incorporated December 30th, 1936, under an act to incorporate associations not for pecuniary profit. It owns and maintains a building at No. 114 College avenue, in the City of New Brunswick, where from twenty-eight to thirty-two active members are rented rooms at $156 each for eight and a fraction months and are furnished meals at a charge of $1.30 per day. Members are

required to pay a fee of $25 on initiation, a national fee of $7 a year while in college and current dues of $8 a month of the college year to the local chapter. Alumni members pay $10 per year dues and make contributions to the society from time to time to meet deficits in operation.

The basic question is whether prosecutor's property is exempt from taxation under chapter 46 of the Laws of 1936 (*Pamph. L., p.* 129), and, if so, whether the provision, originally adopted June 3d, 1937 (*Pamph. L., ch.* 170, *p.* 412), is unconstitutional. That provision is as follows: "Nothing herein contained shall be construed to permit the exemption of property owned directly or indirectly, or for the benefit of, organizations commonly known and designated as college clubs, or college lodges, or college fraternities."

The State Board held that it would not pass upon the constitutionality of the act of 1937, but inasmuch as prosecutor clearly came within its provisions, exemption was denied.

Chapter 46 of the laws of 1936 provides:

"1. The following property shall be exempt from taxation under the act to which this is a supplement, namely: All real and personal property used in the work and for the purposes of one or more fraternal organizations or lodges, or any association or society organized on the lodge plan, or affiliated associations, whether incorporated or unincorporated; *provided,* that the legal or beneficial ownership of such property is in one or more of the said organizations, lodges, associations or societies; *and provided, further,* that no part of such property is used for pecuniary profit."

This act was declared valid in *City of Camden* v. *Camden County, &c.,* 121 *N. J. L.* 262; 2 *Atl. Rep.* (2d) 40; *affirmed,* 122 *N. J. L.* 381; 5 *Atl. Rep.* (2d) 688.

The primary question is: Does .prosecutor qualify for exemption under the last mentioned act?

In the record submitted to the State Board of Tax Appeals and made a part of the record here, it was stipulated by the parties as follows:

"That all of the real and personal property of the said petitioner assessed as aforesaid, is used in the work and for the purpose of a fraternal organization or lodge or associa-

tion or society organized on the lodge plan, and that the legal and beneficial ownership of all such property is in said organization, lodge, association, or society and that no part of such property is used for pecuniary profit, unless payment to the said fraternal organization by members for a room when used for sleeping purposes by members, for one or more weeks is 'use for pecuniary profit' within the meaning of the statute. The amount received goes into the general treasury of the fraternal organization and is used to defray a part of its operating costs. It is not conducted or intended to be conducted for profit. It is operated at a loss and its yearly deficits are made up by contributions from members, and a few friends. No person has any pecuniary interest in the fraternal organization, no dividends, or profits are paid or intended to be paid, as tne work of the said fraternal organization is carried on by the personal sacrifice and voluntary service of its members and the amount received for the use of a room is insufficient to defray the fair costs of maintaining the same and is less than the average amount charged by Rutgers College for its various dormitory rooms. No charge is made for the occasional use of any of its rooms."

Subsequently, and after the decision of this court in *Phi Zeta of the Lambda Chi Alpha Fraternity* v. *The City of New Brunswick et al.*, 123 *N. J. L.* 237, the prosecutor produced a number of witnesses, who were examined by counsel for prosecutor and cross-examined by counsel for respondents, which depositions are part of the record in this court. The testimony so produced supports the stipulation in detail.

It is unquestioned that the prosecutor is an association or society on the lodge plan. It appears beyond doubt that the prosecutor qualifies as a fraternal organization or lodge, being organized to assist its members and to promote moral, intellectual and social benefits.

In Webster's New Dictionary a fraternity is defined as "a body of men associated for their common interest, business or pleasure; a brotherhood; society; specifically, * * * b. A fraternal society, association, or order. * * * d. In American colleges, a student organization, either a nationally chartered society comprising many affiliated chapters or a

single chapter in one institution, formed chiefly to promote friendship and welfare among the members, and usually having secret rites and a name consisting of Greek letters."

The United States Circuit Court of Appeals, Fifth District, in *First National Bank in Dallas* v. *Commissioner of Internal Revenue*, 45 *Fed. Rep.* (2*d*) 509, said: "Fraternal organizations may be described generally as social in their nature, and designed not exclusively for charitable purposes but for the enjoyment of their members in many ways. 5 *R. C. L.* 372." *In re Mason Tire and Rubber Co.*, 11 *Fed. Rep.* (2*d*) 556, the Court of Appeals of the District of Columbia defined a fraternity thus: "Any society organized for the accomplishment of some worthy object through the efforts of its members working together in brotherly union, especially if it be organized not for selfish gain, but for the benefit of the membership and men in general, is a fraternal organization in the popular acceptation of the term. See Fraternal Society, Standard Dictionary, and Webster's New Dictionary." Citing *National Union* v. *Marlow*, 74 *Fed. Rep.* 775, 778, where it was said: "We must accordingly assume that the words 'fraternal-beneficial' were used in their ordinary sense—to designate an association or society that is engaged in some work that is of a fraternal and beneficial character. According to this view a fraternal-beneficial society, within the purview of the Missouri statute, would be one whose members have adopted the same, or a very similar, calling, avocation, or profession, or who are working in unison to accomplish some worthy object, and who for that reason have banded themselves together as an association or society to aid and assist one another, and to promote the common cause. The term 'fraternal' can properly be applied to such an association, for the reason that the pursuit of a common object, calling, or profession usually has a tendency to create a brotherly feeling among those who are thus engaged." *Western Funeral Benefit Association* v. *Hellmich*, 2 *Fed. Rep.* (2*d*) 367.

Is the property used for pecuniary profit? In *State* v. *Allen*, 189 *Ind.* 369; 127 *N. E. Rep.* 145, exemption of property of a Greek letter fraternity connected with a college was involved. The opinion holds:

"The complaint also alleges: 'That the dominant use of said premises during all of said time was a lodging and boarding house use.'

"This allegation in the pleading is but an assertion of the pleader which the other allegations clearly contradict. Because some members of this fraternity board and sleep in this building, and pay what it costs to run the building, does not make the dominant use boarding and lodging. Every human being must eat and sleep to live; but this does not make the dominant purposes of life eating and sleeping."

It has been held that charges for services to members, which do not result in profit to someone, do not constitute operation for profit. In *Institute of Holy Angels* v. *Bender*, 79 *N. J. L.* 34, it was said: "But clearly the charge for board would not make the school one conducted for profit unless it was shown, as it is not, that the charge was in excess of the costs. We do not mean to say that even if that had been proved, it would suffice to bring the school within the words of the statute; it is not enough that a profit should be made; the school must be conducted for the purpose of making a profit, *i. e.*, as a commercial enterprise, in order to be deprived of its exemption." *Hoboken* v. *Hoboken Lodge No. 74, B. P. O. E.*, 123 *Id.* 506.

We conclude that it is shown that prosecutor owns the property in question; that it is a fraternity, operating under the lodge plan, within the contemplation of the supplement of 1936; that no part of said property is used for profit, within the provisions of the applicable statute; and that prosecutor's property is subject to exemption under the terms of that act.

Is prosecutor barred from this relief by chapter 170 of the laws of 1937? Article 4, section 7, paragraph 12, of the constitution provides that "property shall be assessed under general laws by uniform rules."

In *State* v. *Mercer County Board of Taxation*, 118 *N. J. L.* 408, it was said:

"The clear import of judicial utterance upon this question is that to render a law imposing a tax upon a certain class of property free from the constitutional inhibition it must include all members of the class, otherwise it lacks generality.

"In the situation presently pending we find that all of the property of the state and other political subdivisions is exempted from taxation, except state property used or to be used for park purposes. It thus appears that property of a class—park property—is not subject to taxation unless it be owned by the state. To select the property of the state for taxation and exempt property of municipal corporations identical in its use with that of the state is to set up an arbitrary classification, and renders such enactment invalid." Citing *Tippett* v. *McGrath, Collector,* 70 *N. J. L.* 110; *affirmed,* 71 *Id.* 338; *Essex County Park Commission* v. *West Orange,* 77 *Id.* 575.

*Tippett* v. *McGrath, Collector, supra,* held, *inter alia,* that the constitutional provision does not require that all property shall be taxed, but does require that the legislative object, whether taxation or exemption from taxation, "be accomplished by general laws and that the property so selected be dealt with under rules that are uniform as to all of the class. * * *

"The uniform purport of these decisions is that the legislature may, for the purpose of exemption from taxation, classify property either by some common feature possessed by it, or by the uses to which it is put by its owners. * * * The decisions construing this constitutional provision, in so far as they have sanctioned classifications as the basis of legislation, either for taxation or for exemption, have done so upon the express ground that such classifications were based upon features that inhered in the property itself or in the purposes to which it or its usufruct was devoted. To substitute for property in such classifications the persons who own property and then to base the proposed exemption upon the status or vocation or avocation of such persons is without any constitutional warrant * * *."

In *Essex County Park Commission* v. *West Orange, supra,* it was said: "That property of a class may be exempted from taxation is not to be denied, provided always that the classification is a proper one, but it is well settled that all members of a class shall be included in the taxing act whether for purpose of imposition of or exemption from taxation." *Cen-*

*tral Railroad Co.* v. *State Board of Assessors,* 75 *N. J. L.* 771; *Secaucus* v. *Huber,* 87 *Id.* 464; *Gillen* v. *Essex County Board of Taxation,* 91 *Id.* 76, 82; *Camden* v. *Camden County Board of Taxation et al.,* 121 *Id.* 262; *affirmed,* 122 *Id.* 381.

The act of 1937 under review seeks to remove from the exempt class property "owned directly or indirectly, or for the benefit of" college fraternities. The attempt is to impose a tax by a classification of ownership and not for use. Property devoted to the same fraternal use but owned by fraternal organizations other than college fraternities or clubs remains exempt. We conclude, therefore, that the act violates the constitutional mandate that all laws for the taxation of property shall be general, and is invalid.

Respondents urge that if the amendment of 1937 is invalid, it follows that the supplement of 1936 falls with it. But this is not so.

The legislative enactments under review are a supplement to the General Tax act (chapter 237, *Pamph. L.* 1918) and an act to amend such supplement. The original act of 1918 contains a section providing if any portion of the act shall be held unconstitutional it shall not effect the other provisions of the act. It is clear that the supplement of 1936 is valid and became a part of the original act. *Camden* v. *Camden County Board of Taxation et al., supra.* The act of 1937 never had any validity and it is as if it had never been passed. *Central Railroad Co.* v. *State Board of Assessors et al., supra* (at *p.* 787).

We conclude that the prosecutor comes within the provision of the act of 1936; that the amendatory act of 1937 is void; and that the act of 1936 is in full force and effect.

The proceedings and assessment under review are set aside, with costs.

Mr. Justice Heher dissents.

HEHER, J. (Dissenting.) I vote to affirm the judgment.

If it be granted *arguendo* that the second paragraph of *R. S.* 1937, 54:4-3.26 contravenes the constitutional precept for the assessment of property under "general laws" (State Constitution, article IV, section VII, paragraph 12), in that

it represents an "attempt \* \* \* to impose a tax by a classification of ownership and not of use," the provision for exemption falls in its entirety; otherwise, violence is done to the clearly expressed legislative will—*i. e.,* to withhold such tax exemption from college fraternities.

The original section (*Pamph. L.* 1936, *p.* 129) and the amendment thereto (*Pamph. L.* 1937, *p.* 412) must be read together, in unity, to discover the legislative intent. In my view, we are obliged to assume that, if the legislature had been advised that the classification resulting from the adoption of the act of 1937, *supra,* was abortive, it would not have extended tax exemption to the general category as written. I regard the case of *Crater* v. *County of Somerset,* 123 *N. J. L.* 407, as controlling. And the principle was applied by Chief Justice Beasley for the Supreme Court in *Dempsey* v. *Newark,* 53 *N. J. L.* 4.

The provision of the amendment of 1937, *supra,* by force of that enactment, became an integral part of the basic act of 1936; and they thereby became indivisible. Certainly, this is so as to the revision of our general public laws adopted shortly thereafter. The treatment of these provisions therein, considered in the light of the subject-matter, is demonstrative of a legislative sense of dependency and indivisibility in substance. The section deals with a single subject—*i. e.,* the exemption from taxation of fraternal societies organized on the lodge plan; and if, by reason of the second paragraph, it does not answer the test of constitutional sufficiency, it is of necessity wholly inoperative. It is not an act for the levying of taxes, but rather the exemption of a class subject to taxation under general laws. Here, the assessment was made under the revision of 1937.

And I do not agree that section 60 of the revision of the Tax Act of 1918 (*Pamph. L., pp.* 883, 900; *R. S.* 1937, 1:1-10), relating to the effect of partial invalidity, is of service in these circumstances. It has no applicancy where the provisions are interdependent, or are in essence one and therefore inseparable. To rule that the first paragraph is wholly independent of the second is to grant an exemption from taxes that the legislature has explicitly prohibited. It would

seem that on principle exemptions from taxation, which are not favored and so are strictly construed, cannot go beyond the letter of the statute granting them, even though it is in part violative of a constitutional limitation.