# BOARD OF PUBLICATIONS OF METHODIST CHURCH v. STATE TAX COMMISSION

Randall S. Jones, Portland, tried the case for plaintiff. On the briefs were F. M. Phelps, and Randall S. Jones, Portland.

Gerald F. Bartz, Assistant Attorney General, Salem, tried the case and submitted a brief for defendant.

Remanded to the commission July 8, 1963.

PETER M. GUNNAR, Judge.

This is a suit to set aside the State Tax Commission's Opinion and Order No. I-61-37, which denied

the plaintiff an exemption from corporate excise taxation as a religious organization under ORS 317.080 (4).

## FACTS

The plaintiff is a foreign, not-for-profit corporation authorized to conduct business as such in Oregon. It is a separate corporation owned and operated as an integral part of the Methodist Church. In Oregon and elsewhere, the plaintiff owns and operates a printing, publishing, and wholesale and retail distribution business which directly competes with private enterprise. In Oregon, it operates a retail bookstore in the heart of the retail business district of Portland under a name "Cokesbury" and with no other designation of its church connection. There it sells to the public, including obviously, Methodist churches and individuals, books, toys, equipment, and supplies, some of which have some church or religious connection or utility and the balance of which do not. Also it publishes and in Oregon and elsewhere it distributes, through its own stores and through general retail outlets, and under names such as "Abingdon Press" and "Apex Books," books of the same kind as published by commercial publishers and which contain no overt, readily understood designation as church-related books. Of the plaintiff's annual net earnings of over one million dollars, approximately 40 per cent is retained in the plaintiff's business and the remaining 60 per cent is transferred to the Methodist Church for use by the respective conferences (districts) of the church as part of the retirement and death benefit funds paid to retired ministers and the dependents of deceased ministers, known collectively as "conference claimants." No part of the net earnings inures to the

benefit of any private person. A substantial part of the business of the plaintiff is the preparation, publication, and distribution of Sunday school and church materials for use in Methodist churches. Thus, the problem of exemption arises over only those activities, which are substantial, in which it competes with private enterprise in the publication and distribution of books and other printed matter not directly related to the activities of the churches and in the distribution of books, supplies, and equipment to the public in the same general manner as commercial bookstores.

## STATUTE AND REGULATIONS

■ The statute under which the plaintiff claims exemption, ORS 317.080(4), in its material parts reads:

> "317.080. The following corporations are exempt from the taxes imposed by this chapter [corporation excise taxes]:
>
> "* * * * *
>
> "(4) Corporations * * * organized and operated exclusively for religious * * * purposes, * * * no part of the net earnings of which inures to the benefit of any private stockholder or individual."

The sole question presented by this suit under this statute is whether or not, considering its substantial, nonreligious activities in competition with private business, the plaintiff is a corporation organized and operated exclusively for a religious purpose. In this connotation, the word "exclusively" means "primarily." *Mult. School of Bible v. Mult. Co.*, 218 Or 19, 29, 343 P2d 893 (1959); Reg. 7.080(4).

## PARTIES' CONTENTIONS

Under the commission's regulation, Reg. 7.080(4), upon which the commission relied in denying the exemption, the plaintiff clearly is not exempt because one of its primary purposes is to finance an exempt religious organization and also because it manufactures and sells articles to the public, both of which features this regulation makes the basis for the denial of exemption. The plaintiff contends that the addition of these two conditions or qualifications by the regulation lies beyond the proper exercise of the commission's power of regulatory interpretation.

■ To establish its religious character under the tax laws, the plaintiff cites and relies upon a long line of federal decisions interpreting federal statutory language substantially identical to that of ORS 317.080(4). These decisions find that, unlike other exempt, nonprofit corporations, religious, charitable, and educational corporations are "favorites" of the law, that, therefore, the exemption of such corporations is subject to liberal, rather than strict, construction, and consequently that the destination of the earnings is determinative of the exempt character. *Helvering v. Bliss,* 293 US 144, 79 L ed 246, 55 S Ct 17, 14 AFTR 668 (1934); 6 Mertens, Law of Federal Income Taxation § 34.

## EFFECT OF TWO CONSTRUCTION RULES

■ Under the federal "destination" theory the plaintiff would be an exempt corporation, because the providing of ministerial retirement and death benefits under today's concept of individual compensation is equally as directly a religious function as the provid-

ing of ministerial salaries and the maintaining of churches.

■■ On the other hand, the commission, in addition to its regulation, relies upon the application of the rule of strict construction of exemption statutes found in a number of Oregon property tax cases which, under a statute substantially different from the excise tax exemption statute, deny exemption to all but houses of worship and other facilities actually and primarily devoted to religious, educational, or other charitable uses. *Mult. School of Bible v. Mult. Co., supra; Kappa Gamma Rho v. Marion County,* 130 Or 165, 279 P 555 (1929). To date, the Oregon Supreme Court has not had an opportunity to pass directly upon the statute in controversy here, though certainly the dicta in *Ore. Physicians Serv. v. State Tax Com.,* 220 Or 487, 493, 349 P2d 831 (1960) pointing up the constitutional overtones in the privileges and immunities area would indicate the application of a rule of strict construction in the excise tax field as well, prior to 1959. These constitutional overtones are inapplicable to the federal income tax law. See *Truax v. Corrigan,* 257 US 312, 340, 66 L ed 254, 266, 42 S Ct 98, 27 ALR 375 (1921).

## EFFECT OF UNRELATED BUSINESS INCOME ACT

■ In 1959, the Oregon Legislative Assembly enacted what are known as the "unrelated business income" provisions of the corporate excise tax act. Oregon Laws 1959, ch 356. Under these provisions, business income earned by corporations exempt under ORS 317.080(1), (4), (5) and (6) which income is earned by a business the conduct of which is not substantially

related to the purpose constituting the basis for the exemption is taxable despite the exempt status of the taxpayer under ORS 317.080. This Oregon provision was copied in large measure from the federal law to which similar language was added by the Congress in 1950. Public Law 81-814, Revenue Act of 1950 § 301, now IRC 1954 §§ 511 et seq. As noted above, prior to 1950, a corporation such as the plaintiff was exempt under the "destination" theory of the federal cases. The federal statute of 1950 recognized the exempt character of such corporations under general language such as is found in ORS 317.080(4) and was enacted to subject their nonreligious income to taxation. The 1959 adoption in Oregon of substantially the same statutory exception to the exemption could be deemed a legislative interpretation that the "destination" theory similarly applied to ORS 317.080(4) and, therefore, that ORS 317.080(4) required the same amendment as did the federal statute with the "destination" theory applicable to it. Certainly, the 1959 enactment was intended by the legislature to conform our law substantially to the federal law, a concept judicially favored in the tax field. *Ruth Realty Co. v. Tax Commission,* 222 Or 290, 294, 353 P2d 524 (1960); *Schmitt v. Commission,* 1 OTR 25 (1962), aff'd 234 Or 455, 383 P2d 97 (1963). It is an integral part of the exemption statutes and must be read with those laws granting the exemptions, if a clear, nonconflicting treatment is to be applied in this field.

■ In any event, the adoption of the 1959 act renders far less material in practice and actual tax effect the exemption of a religious corporation some of whose activities are not religious and whose earnings in whole or in part are nonreligious. That act,

which apparently recognizes the "destination" theory, results in a denial of the application of that theory with respect to unrelated business income. Whether a corporation is denied exemption under a strict construction because, on balance, its activities and income contain too many substantial, nonexempt characteristics or it is allowed an exemption but nonetheless is taxed upon its income from nonexempt, unrelated activities appears largely one and the same. The sole effect of applying strict construction might be to tax some religion-related income which, under an exempt status, would be tax free. Since ORS 317.910 et seq. constitute a clear expression of public policy of what income of a religious type corporation should be taxed, the denial of the exempt status merely because of the existence of activities and income made taxable under ORS 317.910 et seq. could only have the result of taxing income other than that defined as "unrelated business income," contrary to the legislative intent. Therefore, the plaintiff having met its initial burden of showing its primary religious nature under the "destination" theory and a more liberal construction by showing its substantial religious activity and the devotion of its entire income to the church, some salient and persuasive feature other than unrelated business income must be found before the religious exemption should be denied. No such feature can be discerned in this case.

■ Furthermore, the adoption of ORS 317.910 et seq. does away with the constitutional overtones in the privileges and immunities area upon which a strict construction and refusal to follow federal interpretation would be based. Since that part of the exempt corporation's business which cannot reasonably be

classified as exempt without granting to it immunities not allowed to its private enterprise competitors is taxable as unrelated business income, there no longer is danger of an unequal allowance of a tax immunity arising out of a more liberal construction of the exemption in conformity with the long-standing federal interpretation. Such was the intent of the Oregon act and a similar intent, to remove a basis for unfair competition by charities with private enterprise, was the intent of Congress. H. Rep. No. 2319, 81st Cong., 2nd Sess., p. 36; Sen. Rep. 2375, 81st Cong., 2nd Sess., p 28. This being true and the federal "destination" theory having budded, if not bloomed, prior to the adoption of the statutory language here in controversy, there appears every justification for the allowance of the exemption to the plaintiff, and the application of the same construction to ORS 317.080(4) as applies to the similar federal statutes.

In arriving at a determination of exempt status, this court is not altering in any way its decision in *Oregon Stamp Society v. Commission,* 1 OTR 190 (1963). In that decision, a property tax exemption was denied upon a rationale based on the primary function of exemption being the relieving of a burden upon the state. While the category of exempt institutions, religious, charitable, and educational, are similar in the two exemption statutes, the general category of exempt corporations under the excise tax is far broader and the unrelated business income provisions do not modify the property tax exemption. The interplay of the exemption and unrelated business income provisions not only does away with a question of relieving a state burden as to the unrelated business activity but it also appears to render ineffective a constitutional argument on the establishment of religion.

This is because the criteria for the other, nonreligious corporate excise tax exemptions is the nonprofit nature of the exempt corporations, and because by taxing all unrelated business income, these provisions leave as exempt only the nonprofit-type income of these religious corporations thereby placing such religious corporations within a constitutional class not based upon religion but upon nonprofit characteristics under the language of *Dickman v. School Dist. No. 62C,* 232 Or 238; 366 P2d 533 (1961).

In so holding, it should be made clear that this decision does not decide that all the income of the plaintiff is exempt from taxation. The application of the unrelated business income statute to the income of the plaintiff was not, and, under the commission's theory, could not be, presented in this case. The only issue before this court in this case is the correctness of the denial of plaintiff's claim to exempt status under ORS 317.080(4). The unrelated business income provisions have been used in this decision for the purpose of interpreting ORS 317.080(4) only and this decision does not determine exemption or nonexemption under ORS 317.910 et seq. This court has no authority under the prohibition in ORS 305.425 to determine this latter issue without first remanding the case to the commission. It is required to remand a case to the commission when it cannot fully decide the controversy between the parties without considering and deciding an issue not considered by the commission. Since, obviously, this decision brings into consideration the question of nonexempt unrelated business income in this case and since that issue must be decided before the full controversy as to the plaintiff's tax liability can be determined, this court will

remand the case to the commission for a determination of what liability, if any, exists under ORS 317.910 et seq.

A decree shall be prepared herein remanding this case to the commission under ORS 305.425, in accordance with this decision and Rule 32, unless, pursuant to ORS 305.425, the parties shall stipulate that this court may hear and decide this issue without such remand, in which event this case shall be placed upon the Active List to be set for trial on this issue.*

---

* Foregoing case appealed. Oregon Supreme Court opinion found in 79 Adv Sh 403, 369 P2d 212 (1964).