IN THE OREGON TAX COURT
MAGISTRATE DIVISION

EXPERIMENTAL AIRCRAFT ASSOCIATION,
CHAPTER 292,
*Plaintiff,*

*v.*

POLK COUNTY ASSESSOR,
*Defendant.*
(TC-MD 982940B)

Mike Pongracz and Jerry Medlock, Experimental Aircraft Association, Chapter 292, members, argued the cause for Plaintiff.

Doug Schmidt, Polk County Assessor's Office, argued the cause for Defendant.

Decision for Plaintiff rendered December 1, 1999.

**SCOT A. SIDERAS, Presiding Magistrate.**

Plaintiff, an organization of some 100 members, has appealed Defendant's decision to deny property, identified by

Account No. 08420-00-00101, an exemption from property tax for the 1998-99 tax year. The property at issue is Plaintiff's aircraft hangers located at 4803 Airport Rd. in Independence.

Plaintiff's case was presented by its members, Mike Pongracz and Jerry Medlock.

Defendant appeared through its employee, Doug Schmidt.

## STATEMENT OF FACTS

Plaintiff is defined by its purposes,[1] which are:

(1) **"To promote and encourage the sport and hobby of recreational aviation."** Plaintiff's members are aircraft pilots. Often they are aircraft builders.

(2) **"To cooperate with and assist governmental agencies in the development of programs relating to aviation activities."** Plaintiff assists in the promulgation and distribution of rules and policies controlling aviation, on both a federal and local level.

(3) **"To promote and encourage aviation safety in the design, construction, and operation of all types of aircraft."** A primary mission of Plaintiff is the communication of safety issues, construction techniques, and National Transportation and Safety Board reports. Plaintiff accomplishes this through monthly meetings, demonstrations, articles in its newsletter, and its Designated Airworthiness Inspectors, who supervise and oversee the construction of approximately 30 to 35 aircraft each year.

(4) **"To encourage and engage in research for the improvement and better understanding of aviation and the science of aeronautics."** A regular part of Plaintiff's activities is construction of an airplane.

---

[1] Of those six purposes, three are set out in the Application For Real And Personal Property Tax Exemption and Plaintiff's Bylaws. That trio is:

(1) To encourage, aid, and engage in scientific research for the improvement and better understanding of aviation and the science of aviation;

(2) To foster, promote, and engage in aviation education; and

(3) To engage in design, construction, restoration, and maintenance of homebuilt and antique aircraft.

(5) **"To foster, promote, and engage in aviation education."** Each year Plaintiff gives 120 to 200 local children between the ages of 8 and 18 free airplane rides. This is done as part of the national organization's Young Eagles Program, by which it intends to fly one million young people by 2003. Plaintiff put the value of that experience at $4,200.[2] Plaintiff is also co-sponsor of Aviation Explorer Post 202 of the Boy Scouts of America.

Other educational activities include seminars and workshops on aircraft construction techniques. Plaintiff hosted a regional Aircraft Builder's Conference at Aurora State Airport in 1995 and 1996, with over 300 attendees on each occasion.

(6) **"To foster closer fellowship among its members through the exchange of ideas of mutual interest."** Plaintiff hosts open houses, fly-ins, and potluck dinners.

Plaintiff has been given Internal Revenue Code Section 501(c)(3) status for federal tax purposes. For 1994, 1995, 1996, and the first quarter of 1997 Plaintiff's total gifts, grants, contributions, membership fees, gross investment income, and net income from unrelated business activities totaled less than $20,000.

Defendant denied the deduction, thinking that Plaintiff is a club for airplane enthusiasts. There is no dispute that Plaintiff otherwise meets the requirements for exemption.[3]

## ANALYSIS

Defendant, in a very painstaking analysis, reasons from *Oregon Stamp Society v. State Tax Commission*, 1 OTR 190 (1963) that no exemption is proper. From the court's perspective, a more appropriate authority for organizations such as Plaintiff is *Math Learning Center v. Dept. of Rev.*, 14 OTR 62 (1996).[4]

---

[2] One hundred twenty flights at $35 a flight.

[3] For example, upon Plaintiff's dissolution the assets of the organization are distributed to one or more exempt purposes.

[4] In *Oregon Stamp Society* a group of stamp collectors was denied a property tax exemption for their building. Stamp collecting is not a scientific pursuit such as

■ In applying the precedent of *Math Learning Center*, the court has no problem concluding that Plaintiff is a scientific organization within the meaning of ORS 307.130.[5] Any dictionary would define aeronautics as a science. *See, e.g., Webster's Third New Int'l Dictionary* 34 (unabridged ed 1961). Plaintiff's very name "**Experimental** Aircraft Association" (EAA) is an investment in the scientific method. Plaintiff's Bylaws, and its application for exemption, specifically set out its purpose is "(t)o encourage, aid, and engage in scientific research for the improvement and better understanding of aviation and the science of aviation." Moreover, it is not lost on the court that aviation's history is replete with incidents where individuals, of much the same character as Plaintiff's members, made significant contributions. Orville and Wilbur Wright, after all, were not university professors, but bicycle mechanics. Burt Rutan, designer of the first aircraft to fly around the world, nonstop and unrefueled, is a member of the EAA.

■ The second test for exemption under *Math Learning Center* is that the organization must devote a significant portion of its activities to a charitable objective. *Id.* at 65. In that respect it is important to note that in order for a scientific organization to be exempt the organization need devote only a "significant" portion of its activities to charity, unlike a charitable organization, which must have charity as its primary, if not its sole, object. *Id.* While *Math Learning Center* did not specifically define the amount of charity that must be present in order to qualify as "significant," under the facts of that case the organization was found to qualify for exemption despite the fact that less than 5 percent of its gross revenues were devoted to a truly donative activity. *Id.* at 66.

Here the charitable elements of Plaintiff's activities consist of providing education, specifically the airplane rides to schoolchildren,[6] the sponsoring provided to the Boy Scouts,

---

to require the construction of that aspect of ORS 307.130. *Oregon Stamp Society*, 1 OTR at 206. That is made clear by the fact that *Math Learning Center*, a case construing the exemption of scientific organizations, contains no reference to *Oregon Stamp Society*, and instead relies on *Kappa Gamma Rho v. Marion County*, 130 Or 165, 279 P 555 (1929) for its definition of a scientific organization. *Math Learning Center*, 14 OTR at 64.

[5] All references to Oregon Revised Statutes (ORS) are to 1997.

[6] An important element of education is the guided exposure to new experiences.

and its workshops and seminars. Although there is no evidence as to the donative amount associated with the Boy Scouts and other activities, the record does show some $4,200 in annual airplane rides. That sum, at more than a quarter of Plaintiff's average yearly gross revenues, is 10 times greater than the percentage of donative activity found significant in *Math Learning Center*.

Defendant makes the point that those educational airplane rides are done in members' aircrafts. That observation misses the mark in that the activity is carried out by Plaintiff, as part of the national program of the EAA. Related to that focus is the assertion of Defendant that Plaintiff's members receive too great a personal benefit from the activity for the property to be exempted.

■       There is certainly no doubt that Plaintiff's members enjoy what they do. However, at least as to literary and scientific organizations, an element of personal satisfaction from participating in the organization is not fatal to the exemption. Certainly the actors in *Theatre West of Lincoln City, Ltd. v. Dept. of Rev.*, 319 Or 114, 873 P2d 1083 (1994) enjoyed their amateur theatricals. The authors in *Oregon Writer's Colony v. Dept. of Rev.*, 14 OTR 69 (1996) must have joined that group to fulfill their urge to write. In neither case was that element of personal satisfaction determinative. Instead, the test looks to the character of the organization and the significance of its charitable contribution. Plaintiff has met each of those elements.[7]

Defendant asks the reasonable question as to whether this decision opens the door to exempting car clubs, sailing clubs, or other organizations. When such cases come before the court they will be analyzed on their respective merits. One of the characteristics the court will look to is whether the organization is scientific. The court sees the ties between the EAA and the science of aviation as unique. The significance of the giving is also important. Providing unique experiences to young people, especially on the scale relative

---

[7] The holdings in *Theatre West* and *Oregon Writer's* also counter Plaintiff's proposition, founded on *Oregon Stamp Society*, that the element of giving must relieve the state of a burden proportional to the benefit conferred. *Oregon Stamp Society* at 203. More recent authorities have found it enough that the amount of donative activity is "significant." *Theatre West* at 117 and *Oregon Writer's* at 73.

to Plaintiff's resources, is striking. With that caveat, this appeal is granted.

## CONCLUSION

IT IS THE DECISION OF THIS COURT that the property is exempt.