Argued March 8, affirmed June 12, 1963

# SCHMITT ET UX v. STATE TAX COMMISSION

### 383 P. 2d 97

*Norman E. Anderson,* Portland, argued the cause for appellants. On the brief were Reiter, Day & Anderson, Portland.

*Alfred B. Thomas,* Assistant Attorney General, Salem, argued the cause for respondents. With him on the briefs were Robert Y. Thornton, Attorney Gen-

eral, and Carlisle B. Roberts, Assistant Attorney General, Salem.

Before McAllister, Chief Justice, and Perry, O'Connell, Denecke and Lusk, Justices.

## DENECKE, J.

This is an appeal from the Oregon Tax Court concerning the Oregon Personal Income Tax. The taxpayers claimed a charitable contribution as a deduction. The deduction was disallowed.

The plaintiffs, Mr. and Mrs. Herman Schmitt, deeded an interest in income property to Mr. Herman Schmitt, as trustee. At the same time the parties entered into a trust agreement. The principal terms of the agreement were: (1) The net income of the property was to be paid to Mr. and Mrs. Schmitt during their lifetimes and to the survivor; (2) Upon the survivor's death the principal and any accrued income was to be paid to two charities; (3) The trustee had powers usually conferred upon a trustee; and (4) The trust was irrevocable.

The remainder interest which would eventually pass to the charities was actuarially computed to be $5,790. This amount was taken as a charitable deduction for the tax year in which the conveyance in trust was made.

The Tax Commission demurred to the taxpayers' complaint appealing from the ruling of the Tax Commission. The Tax Court sustained the demurrer.

The cause of the dispute is a difference in the language of the federal statute and the state statute. The federal statute reads:

"* * * the term 'charitable contribution' means a contribution or gift *to or for the use of*—

"* * * * *

"(2) A [charitable] corporation, trust, or community chest, fund, or foundation—." (Emphasis added.) 26 USCA § 170(c).

This contribution would constitute a charitable deduction for federal income tax purposes.

The Oregon statute, ORS 316.340, is similar, with one important exception. It defines a charitable contribution as a contribution *"To* a [charitable] corporation" and omits the phrase, "or for the use of."

The plaintiffs contend that the omission was of no significance because the phrase, "for the use of," as used in the federal statute, is redundant and surplusage.

If the federal act had not contained the words, "or for the use of," one might very well conclude that a contribution in trust, i.e., "for the use of," was to be treated the same as a contribution directly to a charitable organization. The charity will receive as much ultimate benefit as the beneficiary of a remainder as it would if it were the direct donee of a gift. The existence of the federal law with the additional phrase, however, presents a different problem.

It has been the intent of the Oregon Legislature to bring "our income and excise tax laws in substantial conformity with corresponding provisions of the federal law when such could be accomplished without sacrifice to legislative independence and yet retain certain distinct and different features from the federal code." *Ruth Realty Co. v. Tax Commission,* 222 Or 290, 294, 353 P2d 524 (1960).

When certain words or phrases found in the federal statute are omitted in the comparable Oregon statute a question arises as to the significance of the omission.

To lawyers, "for the use of" means something different than "to." A contribution "to" a charity does

not have the same legal form as a contribution to a trustee "for the use of" a charity. The end result may be the same, but the form of getting there is different. There are numerous instances in which the same end legal result can be attained but the tax consequences will vary considerably depending upon the form the transaction takes to reach the end result. Based upon words alone, the presence of "for the use of" in the federal statute and their absence in the Oregon statute would reasonably lead to the conclusion that the Oregon statute did not intend to treat contributions "for the use of" a charity as a deduction.

If the words themselves are not considered clear enough to furnish a satisfactory answer we can look and see whether the comparative history of the federal income tax and the Oregon income tax reveals any answer.

The United States Revenue Act of 1918 provided that contributions *"to"* charities were deductible. There was no "or for the use of" in the law at that time. The 1918 law was substantially like the prior federal acts.

In 1920 an Office Decision of the Treasury Department construed a transaction in which there was a contribution to a trustee, a trust company, which was to distribute the corpus and income to charity. The trust company was not a qualified trust and the contribution was held nondeductible because "there is no provision in the income tax law for the deduction of charitable contributions to a trust." OD 669, 3 Cum Bull 187 (1920). The United States Revenue Act of 1921, 42 Stat 241, § 214(a)(11), amended the 1918 act and made contributions "to or for the use of" charities deductible. This additional phrase, "or for the use of," has continued in all subsequent federal acts.

Oregon had its first income tax in 1923. Oregon Laws 1923, ch 279, § 11(j), stated: "In computing the taxpayer's net income, there shall be allowed as deductions any contributions or gifts made within the taxable year as the same are defined in section 214 of the federal income tax law of 1921." This law was repealed by initiative in 1924.

In IT 1776, II-2 Cum Bull 151 (1923), the Bureau ruled on a transaction in which a donor transferred bonds to a trustee with the income to a beneficiary for life and the remainder to a church. The Bureau considered this a charitable deduction as of the date of transfer to the trustee. It stated: "There was an immediate gift to the church of a definite right which has a present cash value." No mention was made of the phrase, "for the use of."

In 1928 the General Counsel's Memorandum 3016 was promulgated. It concerned a transaction in which funds were placed in trust with the income to beneficiaries and upon their death, the corpus to a charity. VII-1 Cum Bull 90. The General Counsel was of the opinion that the contribution to the trust was a proper charitable deduction. Reliance was placed upon IT 1776, referred to above. No reference was made to the phrase, "for the use of," in reaching the conclusion that the gift in trust for charity was deductible.

In 1927 the Oregon Legislature passed another income tax. Oregon Laws 1927, ch 129. This stated that contributions "to" charities were deductible; "for the use of" was not used. The language of this section of the Oregon statute, § 11(i), appears to be a consolidation of the language of the federal Revenue Act of 1916 and the federal Revenue Act of 1918.

The 1927 Oregon income tax was voted down by the people. However, in 1929 another income tax was

passed which, with amendments, survived until 1953. Oregon Laws 1929, ch 448. The charitable deduction section was taken almost verbatim from the 1927 act, § 11(i).

In 1929, in H. H. Bowman, 16 BTA 1157, 1162 (1929), the Board of Tax Appeals considered the significance of "for the use of" as found in the federal act. The Board stated:

"The wording of the part of the 1918 Act above set forth differs materially from that of the Revenue Act of 1921. In the former Act Congress has limited the deduction to contributions or gifts made *to corporations,* as defined in the statute, while in the latter Act it has used the words 'or for the use of' and also the words 'or community chest, fund, or foundation.' It is obvious that these additional words used in the later Act allow the deduction of contributions which were formerly not allowed. The gifts here in question were not made to a corporation organized and operated exclusively for religious, charitable, scientific or educational purposes or for the prevention of cruelty to animals. They were not made to a corporation at all but on the contrary were made to a trustee, and they might go to a community chest. It follows, therefore, that the petitioner is not entitled to deduct any part of the $4,500 which he contributed to the trust in 1920. * * *"

The Board further held that contributions to this same trust made pursuant to the Revenue Act of 1921 were deductible.

Ever since 1929, all branches of the federal government dealing with income taxes have regarded the phrase, "for the use of," as the key words of the statute which permit contributions to nonqualifying trusts, with the corpus ultimately going to charity, to be classified as a proper charitable deduction.

In 1945 the Internal Revenue Service was asked for a ruling on a trust almost identical to the one here considered. It ruled:

> "The Bureau has held that the phrase 'for the use of' is intended to convey a meaning similar to that of 'in trust for.' * * *

> "In view of the foregoing, it is held that where a taxpayer creates an irrevocable trust, reserving the income to himself for life with remainder over at his death to a beneficiary [charitable corporation] * * * the present value of the remainder interest is deductible by the taxpayer in his income tax return for the taxable year in which the property is transferred in trust, * * *." IT 3707, 1945-2 Cum Bull 114, 115.

In 1952 the United States Tax Court in *John Danz,* 18 TC 454, affm'd on other grounds *sub nom John Danz Charitable Trust v. Commissioner of Internal Revenue,* 231 F2d 673 (9th Cir 1956), cert den 828 US 282, 77 S Ct 43, 1 L ed2d 50, held a charitable contribution to a trust was deductible, specifically because of the inclusion in the statute of "or for the use of."

In *United States v. Weed,* 54-1 USTC § 9414 (DCED Mo 1954), a contribution to a corporation, all of whose income and assets would go to the charity, was held deductible. The court accepted the taxpayer's argument:

> "* * * that [the corporation] admittedly is organized and operated 'for the use of' an educational institution. * * *

> "* * * If the language of Section 23(o) (2) contained only the word 'to' and not the additional words 'for the use of,' there could be logic in plaintiff's position. Plaintiff's brief ignores the use of the words 'for the use of' and therein lies its failure to meet the issue in this case." (at 45.978)

In 1957 the Internal Revenue Service reaffirmed its previous ruling above quoted and ruled, "It is the position of the Internal Revenue Service that the deductibility of contributions in circumstances similar to those herein considered is to be sustained on the ground that the statute permits the deductions of amounts contributed 'for the use of' qualified organizations; * * *."[1] Rev Rul 562, 1957-2 Cum Bull 159, 160.

Congress in 1954 enacted legislation permitting larger amounts to be deducted for contributions made *to* a charity than it permitted for contributions made *for the use of* a charity. 26 USCA § 170(b).

> "In addition to the deduction which may be allowed for contributions subject to the general 20-percent limitation, an individual may deduct charitable contributions made during the taxable year to the organizations specified in section 170(b) (1) (A) to the extent that such contributions in the aggregate do not exceed 10 percent of his adjusted gross income * * *.
>
> "* * * * *
>
> "To qualify for the additional 10-percent deduction the contribution must be made 'to', and not merely 'for the use of', one of the specified organizations. A contribution made to a trust, community chest, or other organization referred to in section 170(c), which in turn makes the contribution available to a church, school, hospital, or medical research

---

[1] The Internal Revenue Service in the 1957 ruling modified a 1928 ruling. GCM 3016, VII-1 Cum Bull 90. In that ruling a trust similar to the one considered in the 1957 ruling and similar to the one here was involved. The Bureau ruled that a contribution to the trust was deductible and used reasoning other than the phrase "for the use of." This 1928 ruling had some precedent. IT 1776, II-2 Cum Bull 151 (1923). However, IT 3707, 1945-2 Cum Bull 114, 115, referred to earlier, did not rest on "for the use of."

organization, will not qualify under the 10-percent limitation unless such trust, community chest, or other organization acts merely as an agent of the taxpayer in delivering the contribution. * * *." Fed Tax Reg 1963, § 1.170-2 (b) (1).

In 1953 the Oregon income tax law of 1929, called the Property Tax Relief Act, was completely replaced. Oregon Laws 1953, ch 304. There were many changes in the 1953 act, but the subsection with which we are concerned here was taken from the 1929 act and again omitted the phrase, "for the use of." Ch 304, § 45(1)'(b). Other subsections, 45(1)(c), (d), added to the list of organizations to which deductible contributions could be made. These sections are almost exact copies of the federal act in effect in 1953. 26 USCA 23(o). Subsection (1) (a) of § 45 of the 1953 Oregon law was copied from an amendment to the prior Oregon income tax law made in 1947. Oregon Laws 1947, ch 353, § 6, p 551. This amendment in turn was obviously taken from the federal Revenue Act of which it had been a part since 1921.

To summarize this history: the 1918 federal act, without the phrase, "or for the use of," was held not to permit contributions to a trustee in trust for a charity to be taken as a charitable deduction. From the passage of the 1921 federal act, with its addition of the phrase, "for the use of," until 1929, such contributions were held deductible but not by express reference to the phrase, "for the use of." From H. H. Bowman, supra, in 1929, to date, all branches of the federal government have regarded contributions to a nonqualifying trustee, in trust for a charity, to be deductible only because the statute contained the phrase, "or for the use of."

The history of the Oregon income tax is not as

easy to interpret. In 1923, the 1921 federal act section on contributions was expressly incorporated by reference into the Oregon law. The 1921 federal act contained "or for the use of." In 1927 the Oregon act appears almost certainly to have been lifted from the federal acts of 1916 and 1918. Why the Oregon Act of 1923 and the federal acts of 1921 and subsequent years were ignored in drafting the 1927 Oregon act is a mystery. The 1929 Oregon act copied the 1927 act. From 1929 until the complete replacement of the 1929 act by the Oregon Income Tax Law of 1953 the legislative history is ambiguous on the problem here involved.

In 1953 it is obvious that the then existing federal law was examined closely. Two of the subsections of the Oregon Act of 1953, the subject of which was never in any Oregon tax before, were obviously copied from the federal act. 26 USCA 23(o). The crucial subsection, 45 (1) (b), retained the same language as the 1929 act; the phrase, "or for the use of" was not added.

We realize that this omission might have been for obscure reasons which will forever remain unknown. It is suggested that the drafters of the act might have believed "or for the use of" was unnecessary and that "to," alone, covered contributions "in trust for," as well as contributions directly "to." This does not seem reasonable.

The most reasonable interpretation is that the drafters of the act were familiar with the use of the phrase in the federal act; they were also familiar with the importance the federal government had placed on that phrase; and they made the determination that contributions "for the use of," as distinguished from contributions directly "to," were not to be allowed as deductions. The legislature might have been ill-

advised to make such a distinction. The tax consequences of such a distinction might be avoided by accomplishing the same end result by different means. Nevertheless, to hold this conveyance in trust to be a charitable deduction would be to assume that the Oregon Legislature was unaware of repeated interpretations placed upon the federal tax law for more than 20 years before the adoption of the 1953 Oregon act. Such an assumption is not reasonable and will not be made. The remainder created by the conveyance is not a present charitable deduction.

Judgment affirmed.

O'CONNELL, J., dissenting.

The majority of the court interprets ORS 316.340 to mean that property transferred directly to the X church is deductible, but that property transferred to a trustee in trust for the X church is not. Why does the interposition of a trust disqualify the gift as a charitable contribution under the statute? The majority opinion points to no legislative policy which would be served by making a distinction between a direct gift and a gift in trust where the donor retains no control over the trust and where the charity gets the same interest under both transfers. Nor does the majority explain why a distinction was originally made by the internal revenue service and the tax court between a contribution "to" a charity and a contribution "for the use of" a charity.

The cases relied upon by the majority in which the distinction is made do not give any reason for making the distinction. Reasons can be suggested for making a distinction for tax purposes between an outright gift and a gift in trust where the donor retains an economic benefit through the reservation of control over

the trust. And even where no control is retained it would not be unreasonable to provide that in the case of a trust the deduction should be reduced a certain percentage to account for the fact that the money expended out of the trust for administration costs does not reach the donee.[1] Even that reason would not be applicable to the trust in the present case because the cost of administering the trust could not diminish the corpus.

The majority bases its interpretation of ORS 316.340 on the sole ground that the federal rulings had recognized a distinction between "to" and "for the use of." Those earlier rulings gave no rationale for the distinction and are at best questionable. Moreover, as the majority opinion indicates, the federal tax statutes were soon changed to permit a deduction where the gift was in trust for the charity. Thus the majority says, in effect, we can not think of any policy which the legislature may have had in mind in enacting ORS 316.340, nor can we detect any policy which could have prompted the rulings under the federal statute, but because the distinction was made under the federal statute, no matter how erroneously, we must assume that the Oregon legislature intended to perpetuate it and this in spite of the fact that the federal statutes were changed, it seems, to eliminate the erroneously created distinction.[2]

There is no rule of statutory interpretation which requires us to assume that the legislature intends to

---

[1] This may be the explanation for the differentiation now made in 26 USCA § 170(b) (1) (A) which provides that a taxpayer may deduct up to 10 percent more of his adjusted gross income for gifts made directly to certain types of charities.

[2] As I have indicated, later federal legislation makes a distinction giving favored treatment to the outright gift but not wholly disqualifying a gift in trust to the charity.

adopt every distinction made by federal administrative tribunals in the interpretation of federal statutes. The word "to" in ORS 316.340 is equally adequate to describe a transfer in trust as it is to describe a direct transfer. It is quite possible that the phrase "or for the use of" was not adopted in ORS 316.340 because the draftsman regarded it as redundant. This is not to say that ORS 316.340 must be construed to make deductible *all* gifts in trust for charitable purposes. The statute could reasonably be construed to disqualify a transfer in trust for a charity as a deduction where the settlor retains economic control over the corpus. But to interpret the statute, as the majority does, to mean that an uncontrolled gift to a charity is deductible but that an uncontrolled gift to a charity by way of a trust is not is the worst kind of mechanistic jurisprudence.