## RIEKE v. STATE TAX COMMISSION

Mr. Richard L. Biggs, Portland, represented plaintiff.

Mr. Donald Seymour, Assistant Attorney General, Salem, represented defendant.

Demurrer sustained November 18, 1966.

Edward H. Howell, Judge.

Mary Rieke, hereinafter referred to as plaintiff, was a member of the Portland School Board during 1963. Plaintiff incurred $253.00 in unreimbursed travel expenses in working on business of the school board. Plaintiff deducted these expenses on her 1963 income tax return and defendant commission issued a deficiency assessment on the grounds that such expenses were not deductible. The issue is before this court on a demurrer to plaintiffs' complaint.

ORS 316.340 allows a deduction from net income of "contributions or gifts" *to* various organizations. The federal statute, § 170(c) of the 1954 Internal Rev-

enue Code, is similar to the Oregon statute except that it defines a charitable contribution as a contribution to *"or for the use of"* the qualifying organization.[1]

■ The tax commission Reg. 316.340(3) specifically disallows the deduction of moneys expended by the taxpayer in performing services such as those involved here. On the other hand, the federal regulation 1.170-2(a)(2) specifically allows a deduction for out-of-pocket transportation expenses incurred in rendering donated services.

The defendant's regulation prohibiting the deduction is a valid regulation within the power given to the tax commission by ORS 314.815 to make rules and regulations not inconsistent with legislative enactments. The plaintiff does not attack the validity of this regulation.

In *Schmitt v. State Tax Com.*, 234 Or 455, 383 P2d 97 (1963), the Oregon Supreme Court was considering the question of whether a trust with a remainder interest to a charity constituted a contribution or gift *to* the charitable organization under the language of ORS 316.340. The court held that the gift was not deductible because the gift was not given "to" the charity but "for the use of" the charity. The absence of the language "for the use of" in the Oregon statute prevented the deduction.

The plaintiff argues that the *Schmitt* case should be confined to cases involving trusts because the words "for the use of" are the same as "in trust for." The plaintiff also contends that deductions for out-of-

---

[1] For a history of the federal statute, § 170(c), and the language in ORS 316.340, see the opinion of Mr. Justice Denecke in *Schmitt v. State Tax Com.*, 234 Or 455, 383 P2d 97 (1963).

pocket expenses incurred in working for an exempt organization such as the Portland School Board can be allowed under the language "contributions or gifts to" and that it is not necessary for the Oregon statute to include the words "for the use of" as in the federal statute in order for plaintiff to be entitled to the deduction. However, in Rev Rul 56-508, 1956-2 Cum Bull 126, the Commissioner of Internal Revenue held that out-of-pocket expenses incurred in working for the American Red Cross were allowable under § 170 of the Internal Revenue Code because they were contributions "for the use of" the Red Cross.

The Commissioner again, in a ruling reported in I.T. 3571, 1942-2 Cum Bull 108, held that expenditures by individuals in rendering services for the War Savings Staff of the United States Treasury Department constituted allowable deductions as contributions made "for the use of" the United States.

■ Because of the absence of the words "for the use of" in ORS 316.340 and because the defendant's Reg. 316.340(3) specifically prohibits the deduction in this case, the plaintiff cannot prevail. As the Supreme Court stated in the *Schmitt* case, why the Oregon statute did not follow the federal statute so as to read "to or for the use of" is a mystery. If such expenses are to be allowed in Oregon the matter will have to be addressed to the legislature.

Costs to neither party.