Richard 1ST. Dofovaf, J.
The Little Falls Hospital claims the City of Little Falls, through its Board of Assessors, has improperly taxed exempt property.
For many years a building located at 4 Whited Street was occupied as a residence for nurses employed in the hospital. In recent times portions of the building have been rented to practicing physicians and to the Herkimer County Mental Health Clinic. Other portions of the building are used for storage of hospital materials and for living quarters for one of the hospital’s nurses. The physicians who have office space in the building examine and treat people other than hospital patients and make charges to those people for their services.
The hospital contends the rental is in a nominal amount and the space is rented to physicians for the dual purposes of inducing them to practice their profession in the area and to have physicians immediately and closely available for care and treatment of hospital patients. Each of the doctors is on the hospital staff and pays only $80 as monthly rental.
The city claims that the leasing of this property is not incidental to the administration or treatment given at the hospital *732 but- rather the property in question is being used for business purposes and, therefore, is subject to taxation.
It has become the common practice to offer all sorts of monetary inducements to attract physicians, nurses and other medical and hospital personnel. Some communities construct and furnish private offices. Others provide expensive equipment for free use by medical people and, in this instance, the hospital appears to be offering the inducement of office space at nominal rental. Although this special treatment may be necessary to obtain medical specialists in the Little Falls area, the only question before this court is whether or not such leasing results in loss of tax exemption.
In the opinion of this court that portion of the building used as rental property is subject to assessment and tax liability. If the only people treated and examined by these physicians were hospital patients, the renting of the office might very well be incidental to hospital purposes even though the patients were charged by the doctor for the care and treatment. However, the doctors using these offices are conducting their private practice of medicine which is not incidental to the purposes and the operation of the hospital. (See Matter of St. Luke’s Hosp. v. Boyland, 12 N Y 2d 135.)
If the parties cannot agree on the apportionment of the property exempt and subject to tax, application may be made to this court for determination.