Leo F. Hayes, J.
The respondents seek a judgment dismissing the petition because it is legally insufficient. Community-General Hospital has added a new physicians’ office building. The hospital claims that since it is organized exclusively for charitable and hospital purposes and since the new physicians’ building is an integral part of the hospital operation, the physicians’ 'building is entitled to be exempt from any real property taxation.
It is the respondents’ position that this new building will not be used exclusively for hospital business. The building will be leased to physicians whose patients may or may not use the hospital. The petitioner concedes that some of the patients who will be treated by doctors who are tenants of the physicians’ office building will not be treated in any manner 'by the hospital. Nevertheless, the petitioner insists that the real property is so inextricably involved in the 'business of the hospital that it is entitled to a full tax-exempt status. In support of its position the petitioner lists the following cases which allowed the tax exemption: (1) apartments owned by a hospital to house staff and families (Matter of St. Luke’s Hosp. v. Boylawd, 12 *97 N Y 2d 135); (2) college cafeteria operated by an outside corporation at a profit (Matter of Pace Coll. v. Boyland, 4 N Y 2d 528); (3) administrative offices, classrooms, parking areas, dormitories, hospital, infirmary, bookstore, university farm, chancellor’s residence (Matter of Syracuse Univ., 59 Misc 2d 684; Matter of Syracuse Univ., 214 App. Div. 375); (4) food service, bookstore, supply store, vending machines, linen services, ice rink, ski tow and equipment rentals, all operated by a faculty-student association, many for profit (Matter of Faculty-Student Assn. of State Univ. Coll. at Oswego v. Sharkey, 35 A D 2d 161, affd. 29 N Y 2d 621); (5) golf course, country club, tennis courts, operated by a religious organization for a retreat (Greater New York Corp. of Seventh-Day Adventists v. Town of Dover, 29 A D 2d 861, app. dsmd. 23 N Y 2d 682); (6) snack bar, small store, miniature golf course, etc., operated by a religious organization for a retreat (Gospel Volunteers v. Village of Speculator, 33 A D 2d ,407, 411, affd. 29 N Y 2d 622); (7) 800-acre farm in upstate New York used to supply food to members of religious organization in New York City— small surpluses sold at profit to public (People ex rel. Watchtower Bible dnd Tract Soc. v. Haring, 8 N Y 2d 350).
Both parties cite the case of Matter of St. Luke’s Hosp. v. Boyland (12 N Y 2d 135, supra). In that case the hospital owned apartment houses, some of which'were rented to hospital personnel. The rent paid by the personnel was applied generally in support of the hospital. The Court of Appeals granted a partial exemption for that part of the apartment houses used by hospital personnel.
Both parties also cite the case of Little Falls Hosp. v. Board of Assessors of City of Little Falls (75 Misc 2d 731). That case concerned a physicians’ building which was owned by the hospital. The physicians there used the hospital physicians’ building 'for treating their hospital patients and their private patients. That court held that the percentage of the property used to treat patients not requiring any hospital care or treatment was not exempt from real property itaxe's.
Section 421 of the Real Property Tax Law is the controlling statute for nonprofit entities. Paragraph (a) of subdivision 1 of that section exempts hospital real property from taxation providing said property is owned by an entity organized exclusively for hospital purposes and providing said real property is used exclusively for carrying out the business of the hospital. The determinant in that section is the word “ exclusively ”, Subdivision 2 of the afore-mentioned section states the follow- *98 mg formula — that portion of any real property not used exclusively for hospital purposes shall be 'subject to taxation while the remaining portion shall be exempt.
It is apparent that in any expansion program or new developments of hospitals, a physicians’ office building is now contemplated as part of the hospital complex. .These buildings are designated to encourage doctors to use the hospital facilities for their patients. In turn, the hospital receives a substantial benefit from the use of its facilities by the physicians in the quality of care, educational programs, availability of a medical staff for emergencies and other hospital-related programs. The doctors who would use the physicians’ building are free to treat patients not using hospital facilities. In those instances, it would be improvident to grant an exemption from property taxes. Real property tax exemption status must be 'strictly construed against those seeking a tax exemption. Any doubt must be resolved in favor of the taxing authority. (Matter of City of Lackawanna v. State Bd. of Equalization & Assessment, 16 N Y 2d 222.) When a tax exemption on real property is granted there is an increase in the tax burden of other taxpayers. The court will not allow such a result if there is any doubt about the tax-exempt status of the real property in question. In this case the court does find that the portion of the physicians ’ office building used for treating patients not requiring any hospital services is not exempt from the real property taxes. The parties herein should agree on a proper tax apportionment. If not, proceedings should commence with this court to determine the proportionate values.