Hon. Dudley M. Ferguson Village Attorney, Broadalbin
This is in response to your letter, wherein you state that the Village of Broadalbin, in Fulton County, desires to take whatever steps are necessary to encourage a physician to locate within the village. Specifically, you ask our opinion with respect to the following questions:
 1. May the village expend moneys to provide an office or home for a physician?
 2. May the village expend moneys to advertise for a doctor to locate in trade magazines, newspapers or other applicable places?
 3. May the village grant property tax exemption for a doctor's office or home for a specified length of time?
The questions will be answered in the order they appear above.
In response to your first question, there is no provision in the law for the expenditure of municipal funds, without consideration, to provide an office or home for a physician. Since local governmental units have only those powers that are delegated to them by the State (Seaman v.Fedourich, 16 N.Y.2d 94 [1965]), such expenditure in the absence of statutory authority would be unlawful. Additionally, the provision of a house or office under the circumstances described would be violative of Article VIII, § 1, of the New York State Constitution, which proscribes municipal gifts to individuals.
In response to your second question, in a recent informal opinion to Hon. John M. Carter, dated February 28, 1978 (a copy of which is enclosed for your convenience), we held that while there is no specific authority for a village to establish a publicity fund, pursuant to Village Law, § 4-412, a village has the power to adopt a local law authorizing a publicity fund. Upon the adoption of a local law, it would be permissible for the village to expend moneys to advertise for a physician(s).
In response to your third question, all real property within the State is subject to taxation, special ad valorem levies and special assessments unless specifically exempted therefrom by statute (Real Property Tax Law, § 300). No authority exists in the law to allow a property tax exemption for a doctor's office or home.
Although Real Property Tax Law, § 421, provides a tax exemption for real property owned by a non-profit organization and usedexclusively for hospital purposes, courts have carefully differentiated between public use and private, commercial use. See, e.g., Mtr. ofGenesee Hospital v. Wagner, 47 A.D.2d 37, affd 39 N.Y.2d 863 (1976);Community-Gen. Hosp. v. Tn. of Onondaga, 80 Misc.2d 96 (Sup Ct, Onondaga Co, 1974). See, also, 1 Opns of Counsel of St Bd of Equal Assess No. 64; 3 Opns of Counsel of St Bd of Equal Assess No. 12 (copies of which are enclosed for your convenience). The property, as you have described it, would not satisfy the criteria for obtaining a hospital property tax exemption.
We recently considered an opinion request somewhat similar to yours, and in an opinion to Hon. John T. Snell dated September 29, 1977, we held that town funds cannot be utilized to lease and equip medical facilities for use free of charge by a private physician who has neither been appointed to the office of town physician nor has contracted with the town board to provide medical or public health services. Although said opinion was premised on Town Law, as opposed to Village Law, some of the possible courses of action explored therein may be of interest to you, and we enclose a copy for your examination.
From all of the foregoing, we conclude that: (1) the Village of Broadalbin may not, without adequate consideration, expend moneys to provide an office or home for a physician; (2) the village may, after adopting a local law authorizing a publicity fund, expend moneys to advertise for a doctor in trade magazines, newspapers or other applicable places; and (3) the village may not grant a property tax exemption for a doctor's office or home for a specified length of time.